Commonwealth ex rel. Murray *v.* Ashe, Warden.

OPINION BY KELLER, P. J., May 8, 1942:

The court records brought before us in this proceeding disprove the important averments of fact contained in the relator's petition for writ of habeas corpus.

(1) The relator was not given a "lumping" sentence of twenty to forty years imprisonment on four bills of indictment. While, because of an erroneous practice of the penitentiary authorities, (see *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229) the sentence may have been so entered on the *books* of the penitentiary, actually, four *consecutive* sentences of imprisonment in the penitentiary for not less than five years nor more than ten years each were imposed on him on January 28, 1929, by the Court of Oyer & Terminer of Philadelphia County to January Sessions 1929, No. 924, for burglary, and Nos. 926, 927 and 1000, on separate charges of entering with intent to steal and larceny.

(2) Relator's pleas of guilty to said four bills of indictment, and four others on which no sentence was imposed, are shown by the court records to have been

entered in open court on January 23, 1929. They were also endorsed on the bills of indictment. It was not essential that they be *signed* by the defendant.

(3) While it is true that relator's attorney, C. S. Patterson, Jr. was not in court when his cases were called for trial—due to the attorney's illness—the latter sent Henry M. Stevenson, a capable attorney, to act in his place, and Mr. Stevenson, acting on behalf of Mr. Patterson, was present in court on January 23, 1929, when relator entered the pleas of guilty to said eight bills of indictment, and on behalf of Mr. Patterson, represented the relator when witnesses were called to inform the court as to the nature of the offenses charged, and to satisfy the court of the guilt of the accused, and for the purpose of aiding the court in imposing appropriate sentences. It is proper to add that the testimony thus taken furnished ample warrant for the pleas of guilty, and showed a series of burglaries and felonious entries occurring shortly before the relator's arrest, in which jewelry and other valuables had been stolen, a considerable part of which was found concealed on the person of the relator and in his home, at the time of his arrest. A three inch steel jimmy, a 32 calibre loaded automatic revolver, a flashlight and a black jack were also found in his automobile. At Mr. Stevenson's request, sentence was postponed, because of Mr. Patterson's illness, until January 28, 1929. It may be true that heavier sentences were imposed on the relator because of his refusal to name the other persons involved with him in these crimes; but that was within the discretion of the court.

It also appears from the records, that the relator was indicted in Delaware County to March Term, 1929, Nos. 288, 305 & 306 for three separate burglaries committed in that county and that on March 19, 1929 he pleaded guilty in open court to all of them and was sentenced on *each* indictment to imprisonment in the Eastern Penitentiary for not less than five years nor

more than ten years, to run consecutively from March 19, 1929.

And it further appears that on December 17, 1936 the relator was tried and convicted in the Court of Oyer & Terminer of Philadelphia County (No. 230 Feb. Term, 1936), on a bill of indictment charging him with assault and battery with intent to kill a fellow inmate of said penitentiary, and was sentenced to imprisonment in said penitentiary for a term of not less than 3½ years nor more than 7 years, to begin at the expiration of the sentence on Bill No. 1000 January Term, 1929.

On July 14, 1939, relator was transferred from the Eastern State Penitentiary to the Western State Penitentiary, pursuant to the Act of March 24, 1921, P. L. 48, 61 PS §§78-80.

It appearing, therefore, from the court records that the relator is legally confined in the Western State Penitentiary, under lawful sentences imposed as above mentioned, the rule to show cause why writ of habeas corpus should not issue is discharged and the petition is refused.