## Commonwealth ex rel. Palmer, Appellant, *v.* Ashe, Warden.

Argued April 14, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Joseph D. O'Connell,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, and *Owen B. McManus,* Assistant District Attorney, for appellee.

PER CURIAM, July 20, 1950:

Relator in this habeas corpus proceeding has appealed from the order of the Court of Common Pleas of Allegheny County dismissing his petition and refusing a writ of habeas corpus.

On December 18, 1930, relator was released from the Pennsylvania Training School at Morganza, where he

had been committed on July 21, 1927, for breaking and entering. He had been released from Polk State School, a mental institution, on September 10, 1920. He was committed to Thorn Hill School for larceny on October 31, 1921; after being paroled and returned, he was finally discharged on June 1, 1926. On January 9, 1931, he was indicted by a grand jury in Allegheny County on two bills of indictment: (1) Armed robbery, No. 23, January Sessions, 1931; (2) attempted armed robbery, No. 24, January Sessions, 1931. The offenses for which relator was indicted were committed on the same day of his discharge from Morganza. At the hearing before the magistrate on December 22, 1930, four witnesses for the Commonwealth appeared and testified to the commission of the crimes with which he was charged and for which he was subsequently indicted. On January 16, 1931, relator pleaded guilty in the Court of Oyer and Terminer of Allegheny County to the two bills of indictment. Entry of the pleas was noted on the indictments. The court imposed a sentence of not less than five years nor more than fifteen years in the Western State Penitentiary upon each bill, the sentence on bill No. 23 to begin at the expiration of the sentence on bill No. 24. It does not appear that relator had counsel at the time of entry of pleas and when sentenced.

Relator was released on parole from the penitentiary on September 19, 1947, and returned as a violator of parole rules on April 1, 1949. He has been given credit for that period while on parole. His maximum sentence will expire on August 26, 1957, as the result of previous action by the Pennsylvania Parole Board.

On October 11, 1949, relator filed in the Court of Common Pleas of Allegheny County his petition for writ of habeas corpus. He averred therein that his commitment was illegal for the following reasons: (1) That he pleaded guilty to an unspecified charge; (2) that his plea was illegally appropriated to other indictments;

(3) that he was not permitted to learn the nature of the accusation against him; (4) that he was not permitted to face his accuser in a "magistrate's office or in the court room"; (5) that his plea contained no waiver of trial by a jury; (6) that the court's sentence was excessive.

In addition thereto he averred in his petition that he was a "young irresponsible" boy, confined at one time because he was mentally abnormal; and that he was not represented by counsel or offered counsel or advised of his right to have counsel.

The first four averments are contradictory of the original record and are devoid of merit. Relator had a hearing before a magistrate of the City of Pittsburgh where he appeared and was confronted with the Commonwealth witnesses. The true bills found by the grand jury were based upon the charges made in the information before the magistrate. The pleas of guilty by relator were made in open court and entered on the bills of indictment. See *Com. ex rel. Murray v. Ashe*, 149 Pa. Superior Ct. 22, 26 A. 2d 217. There is no merit in relator's fifth and sixth contentions. Having pleaded guilty there was no trial, and the right to confront his accusers was not involved. The extent of the sentence was for the trial judge, and subject to the limitations prescribed by statute and in the absence of arbitrary or capricious action the matter is within his discretion.

Relator at the time of the entry of his pleas and the imposition of sentence was past twenty-one years of age, having a criminal and institutional record. It was ten years prior to his present commitment that he had been released from the state institution at Polk. Relator in his petition makes no averment that he was impaired mentally at the time of the entry of his pleas on February 18, 1931, or that he is now suffering any mental disability. See *Com. ex rel. Smith v. Ashe*, 364 Pa. 93, 112, 71 A. 2d 107. His present mental capacity is indicated

by his signed affidavit to the comprehensive and legalistic brief filed in this Court, wherein he said "that he has read same [the brief] and knows the contents thereof."

The record does not disclose that the relator was overreached by the prosecution or prejudiced by the action of the trial court. Lack of counsel was not a denial of due process. *Com. ex rel. Townsend v. Burke*, 361 Pa. 35, 39, 63 A. 2d 77; *Com. ex rel. Hovis v. Ashe*, 165 Pa. Superior Ct. 30, 67 A. 2d 770.

The writ of habeas corpus should be allowed only when the court is satisfied that the petitioner has probable cause to be delivered. *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 47, 24 A. 2d 1. On the present record the court below properly refused the writ.

The order is affirmed.