## Commonwealth ex rel. Hovis, Appellant, *v.* Ashe, Warden.

Submitted April 18, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*John B. Horis*, appellant, in propria persona, submitted a brief.

*Raymond P. Shafer*, District Attorney, for appellee, submitted a brief.

PER CURIAM, July 15, 1949:

This is an appeal by relator from an order of the Court of Common Pleas of Allegheny County dismissing his petition for writ of habeas corpus. Relator had pleaded guilty in the Court of Quarter Sessions of Crawford County to a bill of indictment, No. 3, February Sessions, 1947, drawn under the Act of April 15, 1907, P. L. 62, as amended by the Act of June 15, 1939, P. L. 400, §1, 19 PS §241, charging him with having committed forgery. The court imposed a sentence of not less than five years nor more than ten years in the Western State Penitentiary to be computed from Novem-

ber 14, 1946. Relator filed his petition for writ of habeas corpus in the court below on January 11, 1949, wherein he averred that he was illegally incarcerated for the following reasons: (1) That the crime of forgery is a misdemeanor, and the sentence imposed was therefore excessive; (2) that relator "was refused legal advice and did not have legal counsel before or during the proceedings against him"; (3) that he did not sign the plea of guilty on the indictment or waive trial by jury; (4) that he was not confronted in open court by his accuser. The answer filed by the District Attorney of Crawford County avers that the court specifically inquired of relator as to whether or not he desired counsel before he was permitted to enter his plea to the charges against him. The court below dismissed the petition and refused the writ of habeas corpus; relator has appealed to this Court.[1]

Relator's first averment is entirely devoid of merit. The Act of June 24, 1939, P. L. 872, §1014, 18 PS §5014, makes forgery a felony, and provides that any person, upon conviction, shall be sentenced to pay a fine not exceeding $5,000, or to undergo an imprisonment, by separate or solitary confinement at labor, not exceeding ten years, or both.

We shall not presume on ambiguous and equivocal allegations that the trial court refused a timely request by relator for the appointment of counsel. Such a refusal might constitute fundamental error or the denial of substantial justice. Com. ex rel. Piccerelli v. Smith, 150 Pa. Superior Ct. 105, 27 A. 2d 484. But the only fact which appears from relator's petition is that he did not have counsel. Without more this does not establish that he was denied any constitutional right. Article 1, §9, of the Pennsylvania Constitution, PS, guarantees to the accused the right "to be heard by himself and

---

[1] As to review on appeal, see Com. ex rel. Mattox v. Superintendent of County Prison, 152 Pa. Superior Ct. 167, 170, 31 A. 2d 576.

his counsel"; but this does not necessarily require the court to provide an accused with counsel when none was asked for, except in capital cases. *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 48, 24 A. 2d 1. This is true where the accused has pleaded guilty to an indictment drawn under the Act of 1907, 19 PS §241. *Com. ex rel. Withers v. Ashe,* 350 Pa. 493, 39 A. 2d 610. The Supreme Court of the United States has held that the concept of due process incorporated in the Fourteenth Amendment does not require the courts of the States to furnish counsel to an accused in every case. *Betts v. Brady,* 316 U. S. 455, 471, 62 S. Ct. 1252, 86 L. Ed. 1595, 1606; *Bute v. Illinois,* 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986. "Asserted denial [of counsel] is to be tested by an appraisal of the totality of facts in a given case. That which may, in one setting, constitute a denial of fundamental fairness, shocking to the universal sense of justice, may, in other circumstances, and in the light of other considerations, fall short of such denial": *Betts v. Brady,* supra, 316 U. S. 455, 462, 62 S. Ct. 1252, 86 L. Ed 1595, 1602. In the majority opinion in *Uveges v. Pennsylvania,* 335 U. S. 437, 440, 69 S. Ct. 184, 93 L. Ed. 152, 154, Mr. Justice REED said: "Some members of the Court think that where serious offenses are charged, failure of a court to offer counsel in state criminal trials deprives an accused of rights under the Fourteenth Amendment. They are convinced that the services of counsel to protect the accused are guaranteed by the Constitution in every such instance. See Bute v. Illinois, 333 U. S. 640, dissent, 677-79 [68 S. Ct. 763, 92 L. Ed. 986, 1006, 1007]. Only when the accused refuses counsel with an understanding of his rights can the court dispense with counsel. Others of us think that when a crime subject to capital punishment is not involved, each case depends on its own facts. See Betts v. Brady, 316 U. S. 455, 462 [62 S. Ct. 1252, 86 L. Ed. 1595, 1601]. Where the gravity of the crime and other factors—such

as the age and education of the defendant, the conduct of the court or the prosecuting officials, and the complicated nature of the offense charged and the possible defenses thereto—render criminal proceedings without counsel so apt to result in injustice as to be fundamentally unfair, the latter group hold that the accused must have legal assistance under the Amendment whether he pleads guilty or elects to stand trial, whether he requests counsel or not." See *Foster v. Illinois,* 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955.

The Supreme Court of the United States has not held that mere lack of counsel in noncapital cases without additional circumstances is tantamount to deprivation of due process of law. In *Gryger v. Burke,* 334 U. S. 728, 68 S. Ct. 1256, 92 L. Ed. 1683, the relator had been brought into court as a fourth offender under the Pennsylvania Habitual Criminal Act (section 1108 of the Act of June 24, 1939, P. L. 872, 18 PS §5108), and was sentenced to life imprisonment. He had no counsel, and he was neither advised of his right to obtain counsel nor was counsel offered to him. His petition for a writ of habeas corpus was dismissed by the Supreme Court of Pennsylvania, and this action was affirmed on appeal by the Supreme Court of the United States. In those decisions of the Supreme Court of the United States where failure to appoint counsel has been held to constitute a denial of due process, there has been some exceptional circumstance present which operated to the possible prejudice of the accused. See *Uveges v. Pennsylvania,* 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 152; *Wade v. Mayo,* 334 U. S. 672, 68 S. Ct. 1270, 92 L. Ed. 1647; *Townsend v. Burke,* 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690. See, also, *Raymond v. State ex rel. Szydlouski* (C. A. Md.), 65 A. 2d 285.

In the present proceedings relator has failed to show that he was deprived of any constitutional right, or that he suffered any prejudice by the absence of

counsel, or that he did not understandingly plead guilty. See *Com. ex rel. Shaw v. Smith,* 147 Pa. Superior Ct. 423, 24 A. 2d 724.

There is no merit in relator's remaining two contentions. Since he pleaded guilty there was no trial, and the right to confront the accuser and cross-examine witnesses was not involved. The waiver of the presentation of the indictment to the grand jury which was made in open court, and to which the court certified on the bill of indictment, was sufficient.[2] For discussion of the same question, see *Com. ex rel. Carey v. Ashe,* 165 Pa. Superior Ct. 27, 67 A. 2d 768.

The order of the court below is affirmed.

---

[2] "Now, Feby. 3, 1947, the defendant in open Court pleads guilty to the charge preferred in the within indictment, waives presentation thereof to the Grand Jury, and consents to the pronunciation of sentence forthwith.

"Per Curiam
"O. CLARE KENT, P. J."