Commonwealth ex rel. Klinefelter, Appellant, *v.* Claudy.

Submitted November 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Corliss L. Klinefelter,* appellant, in propria persona, submitted a brief.

*Clarence M. Lawyer, Jr.,* District Attorney and *George Wise Atkins,* First Assistant District Attorney, for appellee, submitted a brief.

PER CURIAM, January 20, 1953:

This is an appeal by relator from the order of the Court of Common Pleas of York County discharging rule to show cause granted on his petition for writ of

habeas corpus and remanding relator to the Western State Penitentiary, where he is now confined.

Relator pleaded guilty to charges of burglary and larceny, and was sentenced on September 25, 1944, by the Court of Oyer and Terminer of York County to the Eastern State Penitentiary for terms aggregating not less than five years nor more than ten years. Relator was subsequently paroled and reparoled, and recommitted for violation of each parole.

The petition for writ of habeas corpus was filed by relator in the Court of Common Pleas of York County on June 24, 1952. He averred therein that he had been denied counsel when he entered his pleas and was sentenced. He further averred that he was told by the district attorney no counsel was needed because of the pleas of guilty, and that the district attorney refused to petition the court for counsel in his behalf. As constituting such denial of counsel he further set forth that the trial judge did not offer counsel or explain that counsel for an accused is a constitutional right as expressed in the Sixth Amendment to the Federal Constitution.

A rule to show cause was allowed, and a hearing was held at which relator, represented by counsel, was present and testified. W. Burg Anstine, the district attorney at the time relator pleaded guilty on September 25, 1944, also testified. Mr. Anstine testified that relator admitted the burglaries and described their commission in a signed statement; that the confession was voluntary; that no promise or inducement was made to relator; that he did not make any statement to relator relative to counsel; and that relator made no request for counsel. Several days prior to the entry of the pleas, relator signed requests, directed to the district attorney, authorizing him to prepare bills of indictment under the Act of April 15, 1907, P. L. 62,

as amended, 19 PS §241, and informing him that relator desired to enter pleas of guilty. Relator was thirty years of age in 1944, and had previous criminal experience in 1938.

The court found from the evidence presented at the hearing on relator's petition that relator was of normal or more than average intelligence; that he fully understood what he was doing when he entered pleas of guilty on September 25, 1944; that there was no circumstance requiring the appointment of counsel; that no representations were made to relator by the district attorney either as to leniency or as to any alleged request for counsel.

In *Gallegos v. Nebraska*, 342 U.S. 55, 72 S. Ct. 141, 96 L. Ed. 82, 88, 89, the Supreme Court of the United States said: "The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at State noncapital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice." See *Com. ex rel. Popovich v. Claudy*, 170 Pa. Superior Ct. 482, 486, 487, 87 A. 2d 489; *Com. ex rel. Hovis v. Ashe*, 165 Pa. Superior Ct. 30, 67 A. 2d 770, affirmed 364 Pa. 81, 70 A. 2d 630; *Com. ex rel. Townsend v. Burke*, 361 Pa. 35, 63 A. 2d 77.

In finding the facts from the testimony, the credibility of the witnesses was for the court to determine. It appears that the order of the court was supported by substantial, competent evidence, and that relator was deprived of no constitutional right. See *Com. ex rel. Uhler v. Burke*, 172 Pa. Superior Ct. 108, 91 A. 2d 913; *Com. ex rel. Carlini v. Burke*, 172 Pa. Superior Ct. 116, 92 A. 2d 267.

Order is affirmed.