Commonwealth ex rel. Lockoski, Appellant, *v.* Claudy.

Submitted November 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph Lockoski,* appellant, in propria persona, submitted a brief.

*Wray G. Zelt,* District Attorney, *John F. Roney,* Assistant District Attorney, and *Arnold W. Hirsch,* for appellee, submitted a brief.

OPINION BY HIRT, J., January 20, 1953:

On March 26, 1942, the relator pleaded guilty to seven indictments which in various counts charged him with sixteen separate and distinct burglaries and with the larceny of money or goods of value on each occasion. These crimes were committed on various dates between October 5, 1941 and February 16, 1942. At the same time he also pleaded guilty to an indictment charging him with assault with intent to kill. On March 27, 1942 sentences were imposed on all of the charges. The cumulated total of the minimum terms of imprisonment imposed on the burglary and the larceny convictions, by relator's pleas, was 12 years with the maximum 40 years. The sentence imposed for assault with intent to kill was an additional prison term of from 3 to 7 years. On October 18, 1948 the Governor of the Commonwealth commuted the aggregate minimum sentences of 15 years to a minimum of 7 years, expiring on March 15, 1949, and on the same date the relator was paroled by the Board of Parole. He subsequently violated the terms of his parole and was taken into custody on two separate charges of burglary and the larceny of $805.79 in one instance and $2,018 in the other. The dates laid in the indictments were August 29 and October 29, 1949. Relator pleaded not guilty and at the trial was represented

by counsel. He was found guilty as charged in both indictments and on February 22, 1950 was sentenced on each bill to consecutive prison terms of from 6 to 12 years each "to begin at the expiration of such sentences as have been heretofore imposed and the performance of which is not completed".

It was not until January 29, 1952 that the relator questioned the validity of any of the sentences imposed. He then petitioned for habeas corpus in the present proceeding alleging that he is illegally detained on the 8 indictments on which he had been sentenced on March 27, 1942. He does not question the propriety of the additional sentences imposed on February 22, 1950 for crimes committed while on parole. And in passing it may be noted that if he were entitled to the relief sought in his petition relator still would be obliged to serve admittedly valid sentences, the aggregate minimum of which would not expire until 1962. The lower court however found that relator's petition was not self-sustaining and refused the writ. The order will be affirmed.

Relator contended that he was denied due process in that after his first arrest in March 1942 on charges of burglary and larceny (the subject of the first indictment, No. 76 May Term, 1942) it was 7 days before he was given a preliminary hearing. The district attorney's answer to relator's petition avers that he was given a preliminary hearing on the 5th day after his arrest. But even if the period was as long as 7 days that fact is unimportant. When one is lawfully in prison after his arrest there is no prescribed time within which a preliminary hearing must be held. Cf. *Commonwealth v. Shupp*, 365 Pa. 439, 75 A. 2d 587, a murder case in which the fact that defendant was not given a preliminary hearing until fifteen days after his arrest was held to be immaterial. He also alleged that

when in jail after his arrest he was questioned intermittently by the State Police and that they refused to allow him to "call his wife or his people" on the telephone for four days and until after he had confessed to all of the other crimes for which he was sentenced on March 27, 1942. After four days relator admits that he was free to communicate with any one he chose. And if he was restricted during the initial period that does not amount to denial of due process as a ground for relief in this proceeding. He does not contend that he was abused or otherwise mistreated and he voluntarily confessed to the crimes charged in the other seven indictments to which he had pleaded guilty. This complaint goes to the circumstances under which a confession was secured by the State Police. The statement was not subsequently used against him. There is no contention that he was coerced in any manner when he waived hearings before the magistrate or on pleading guilty to the charges in the lower court. The sentences as recorded were well within the limits prescribed by statute and relator was leniently dealt with considering the seriousness of the offenses. The aggregated of the minimum sentences was moderate under all of the circumstances.

So also there was no denial of due process in the failure of the court to provide relator with counsel when he pleaded guilty to the charges. He did not request counsel and the record of what occurred indicates that his pleas were voluntarily and understandingly entered. The following from the opinion in *Commonwealth ex rel. Klinefelter v. Claudy,* 172 Pa. Superior Ct. 287, 93 A. 2d 904, disposes of this phase of relator's complaint: "In Gallegos v. Nebraska, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 82, 88, 89, the Supreme Court of the United States said: 'The Federal. Constitution does not command a state to furnish defendants counsel

as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at State non-capital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice.' See Com. ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 486, 487, 87 A. 2d 489; Com. ex rel. Hovis v. Ashe, 165 Pa. Superior Ct. 30, 67 A. 2d 770, affirmed 364 Pa. 81, 70 A. 2d 630; Com. ex rel. Townsend v. Burke, 361 Pa. 35, 63 A. 2d 77".

Bearing upon relator's complaint it is of some significance that nowhere in this proceeding did he protest his innocence of any of the crimes. The record of the examination of relator at the time of sentence does not indicate anything more than a plea for light sentences. Moreover both in an application for clemency filed with the Board of Pardons in 1946 and in a second application in 1947 he stated that he had committed the various offenses.

Under the averments of relator's petition and the admissions in his reply to the district attorney's answer there was no necessity for a hearing. Cf. *Commonwealth ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 28.

Order affirmed.