Commonwealth ex rel. Martin, Appellant, *v.* Baldi.

Submitted October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Palmer Martin,* appellant, in propria persona.

*A. Leon Higginbotham, Jr.,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 11, 1953:

On March 9, 1950, Palmer Martin, the relator and appellant here, pleaded guilty to five bills of indictment, being numbers 1222-1225 February Sessions, 1950, charging perjury. On March 27, 1950, he also pleaded guilty to bills of indictment numbers 1226-1229 February Sessions, 1950, charging him with fraudulently making and publishing a written instrument. The charges in question arose from irregularities in

appellant's actions as surety on bail bonds. Appellant had been sentenced from ten to twenty years on similar charges in 1927. Again in 1933 he had been sentenced from five to ten years on charges of fraudulent bail and perjury. Pursuant to the pleas in the instant cases, he was sentenced from two to four years on bills numbers 1222 and 1223, the sentences to run consecutively. On bills numbers 1224 and 1225 identical sentences were imposed to run concurrently with the sentences on bills 1222 and 1223. On bills 1226-1229 sentences were suspended.

Appellant petitioned the lower court for a writ of habeas corpus, averring (1) that he was not guilty of the charges set forth in the indictments; (2) that he was induced by fraudulent and deceptive means to sign a statement incriminating himself; (3) that he was subjected to duress, intimidation and other pressure; (4) that he was deprived of the benefit of counsel; (5) that the Commonwealth concealed known evidence which was favorable to relator; and (6) that the trial judge erred in not requiring corroborating evidence. A hearing was held on the petition on September 12, 1952, after which the petition was denied and the relator remanded. This appeal followed.

Appellant filed with this court a duplicate of his original petition containing the above averments. We may summarily dispose of averments four, five and six. The petition itself sets forth that the presiding judge asked appellant if he had an attorney. He replied in the negative "informing the court that he did not desire a lawyer": see *Com. ex rel. Bruce v. Burke,* 170 Pa. Superior Ct. 642, 90 A. 2d 258; *Com. ex rel. Carlini v. Burke,* 172 Pa. Superior Ct. 116, 92 A. 2d 267. There is nothing in the record to show the concealment of any evidence on the part of the Commonwealth, and such an allegation requires convincing proof: see *Com.*

*ex rel. Sawchak v. Ashe,* 169 Pa. Superior Ct. 529, 83 A. 2d 497. As to the sixth averment, it is sufficient to say that appellant entered pleas of guilty to the several indictments: *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770; see *Com. ex rel. Sawchak v. Ashe,* supra; *Com. ex rel. Bruce v. Burke,* supra.

The remaining averments are based essentially on the proposition that appellant was subjected to fraud, deception, intimidation, duress, or "other pressure" in order to secure from him an admission of guilt. Appellant was given the benefit of a hearing by the lower court. It would serve no useful purpose to recite the vague testimony produced. To the court's repeated queries as to the form of threats or duress used, relator finally replied: "Sir, it must have been some threats. Nobody would go ahead and plead to something like that, if there wasn't something behind it, especially when there never was any proof this thing happened . . . ."

The basic question is whether appellant presented evidence of sufficient credibility to establish that he was subjected to illegal or unconstitutional coercion. In habeas corpus proceedings relator has the burden of convincing the court of the truth of his averments: *Com. ex rel. Johnson v. Dye,* 159 Pa. Superior Ct. 542, 49 A. 2d 195. It is the function of the trial judge to weigh the evidence and judge the credibility of witnesses. In the absence of a clear abuse of discretion, his findings are conclusive: *Com. ex rel. Carlini v. Burke,* supra; *Com. ex rel. Klinefelter v. Claudy,* 172 Pa. Superior Ct. 287, 93 A. 2d 904. Our review of the testimony discloses no abuse of discretion. The assertions of appellant were so uncertain and vague that the trial judge had no alternative other than to disbelieve him. Appellant had twice before been sen-

tenced and served time for similar offenses. His previous experience in criminal proceedings is pertinent in ascertaining whether he was aware of the gravity of the offenses and was competent to protect his legal and constitutional rights: see *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595.

Judgment affirmed.