Commonwealth ex rel. Johnson, Appellant, *v.* Burke.

Submitted October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Amos Johnson,* appellant, in propria persona.

*Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 11, 1953:

Appellant was arrested on January 23, 1947, and was held for action by the grand jury on charges of burglary from an automobile, larceny and receiving stolen goods. On February 7, 1947, he pleaded guilty inter alia to bill of indictment No. 59 February Sessions, 1947, charging him with said offenses, and was sentenced to the Pennsylvania Industrial School at Camp Hill. The original transfer record erroneously set forth the maximum term as twenty years. Since the charge in question was burglary from an automobile, which carries a maximum sentence of five years (Act of June 24, 1939, P. L. 872, §903, 18 P.S. §4903), the transfer record was subsequently corrected.

Appellant was paroled from Camp Hill on December 8. 1948. On January 22, 1952, he was arrested and charged with the unlawful use of narcotics, to which charge he pleaded guilty. On February 14, 1952, he was sentenced to six months in the County Prison. At the expiration of said sentence, on or about August 1, 1952, appellant being then over 21 years of age, he was transferred to the Eastern State Penitentiary as a parole violator. There he is serving the balance of the five year term on the burglary conviction. The present commitment record correctly sets forth the discharge date as September 17, 1955.

Appellant presented a petition for a writ of habeas corpus to the Court of Common Pleas No. 6 of Philadelphia County on April 21, 1953. An answer was filed by the District Attorney and a hearing was held

on May 8, 1953. Appellant was present at the hearing and was represented by counsel. His attorney made an extended statement to the lower court, setting forth the facts as to the arrest, the charge, the erroneous statement of the maximum term, its subsequent correction, the parole and re-commitment. He ended this recital by stating that appellant's real grievance had thus been satisfied. The only other question was an allegation on the part of appellant that he had, in fact, been arrested on September 29, 1946, and held prisoner from that time. Here again, appellant's attorney fairly outlined the situation to the court. He stated that he had investigated the truth of the allegation and could find no evidence that appellant had been arrested before January 23, 1947. The lower court then dismissed the petition and this appeal followed.

In addition to the allegation that he is now entitled to discharge on the record of his commitment, appellant here added the allegation that he "was not represented by counsel at trial". The facts developed at the hearing before the lower court adequately dispose of any question as to the propriety of appellant's present imprisonment. There remains only the question as to whether appellant, as a matter of due process, was entitled to counsel at the time of his plea of guilty.

It is well settled in this Commonwealth that to invalidate a plea of guilty in non-capital cases by reason of denial of due process of law arising from a failure to provide a prisoner with counsel, the prisoner must establish that an ingredient of unfairness actively operated in process that resulted in his confinement: *Com. ex rel. Popovich v. Claudy*, 170 Pa. Superior Ct. 482, 87 A. 2d 489; *Com. ex rel. Campbell v. Ashe*, 141 Pa. Superior Ct. 408, 15 A. 2d 409; *Com. ex rel. Kline-*

*felter v. Claudy,* 172 Pa. Superior Ct. 287, 93 A. 2d 904; *Com. ex rel. Lockoski v. Claudy,* 172 Pa. Superior Ct. 330, 94 A. 2d 203.

The following language of President Judge RHODES in the *Popovich* case is particularly applicable to the situation now before us: "In the present case relator was youthful, and the charge was serious (burglary and attempted burglary). However, these factors do not per se establish any element of unfairness in the proceedings resulting in his confinement. Nowhere does relator point out how he has been prejudiced or in what respect he suffered disadvantage or was handicapped in pleading to the indictments by reason of lack of counsel. Relator has not advanced, and from our own examination we cannot discover, any reason that would sustain a conclusion that the presence of counsel would have altered the disposition of his case . . . The ensuing sentence to the Pennsylvania Industrial School at Camp Hill gave relator an opportunity for reformation and rehabilitation outside the penitentiary . . . Relator was given an opportunity to become a law-abiding member of society when he was paroled . . . If he had behaved himself properly thereafter, he would not have been subjected to any further imprisonment. However, he violated his parole by committing a criminal offense . . . From an examination of the record and a consideration of the facts before us, relator has failed to show any denial of due process in the procedure that resulted in his confinement".

There is no provision in the Bill of Rights in the Constitution requiring the court to appoint counsel to defend or represent one accused of crime who announces his desire to plead guilty to the offense charged before trial: *Com. ex rel. Slifko v. Ashe,* 144 Pa. Superior Ct. 593, 20 A. 2d 799; and see the extensive review of cases on this subject in *Com. ex rel. McGlinn v.*

*Smith,* 344 Pa. 41, 24 A. 2d 1. The burden is upon the appellant to establish his right to relief: *Com. ex rel. Johnson v. Dye,* 159 Pa. Superior Ct. 542, 49 A. 2d 195. Appellant was represented by counsel at the hearing before the lower court. He had full opportunity to introduce testimony in support of his allegations, but entirely failed to establish any basis for his release.

The judgment of the lower court dismissing the petition is affirmed.