## Commonwealth ex rel. Perino, Appellant, *v.* Burke.

292

Submitted March 9, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Bruno Perino,* appellant, in propria persona.

*Clinton R. Weidner,* District Attorney, *Frank P.*

*Lawley, Jr.,* Deputy Attorney General and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY WRIGHT, J., April 15, 1954:

Bruno Perino, an inmate of the Eastern State Penitentiary, presented a petition to the Court of Common Pleas of Cumberland County for a writ of habeas corpus. A rule to show cause was granted and an attorney was appointed to represent the petitioner. Answers were filed by the Warden of the Eastern State Penitentiary, by the District Attorney of Cumberland County, and by the Attorney General. After hearing argument on the petition, the answers, and the original record, the court below dismissed the petition. This appeal followed.

On May 21, 1948, appellant pleaded guilty in Allegheny County to a charge of larceny, and was sentenced generally to the Pennsylvania Industrial School at Camp Hill: Act of April 28, 1887, P. L. 63 §6, 61 P.S. 485 last amended by the Act of July 29, 1953, P. L. 1447, No. 418. This statute originally applied to the institution at Huntingdon, but was made applicable to the institution at Camp Hill by the Act of 1937, P. L. 1944, 61 P.S. 545. The effect of this sentence was to automatically subject appellant to confinement for the maximum term, unless sooner released by the Parole Board: *Commonwealth ex rel. Clawges v. Claudy,* 173 Pa. Superior Ct. 410, 98 A. 2d 225. On June 10, 1949, appellant escaped from the School and, on the following day, stole an automobile. He was apprehended shortly thereafter and, on July 28, 1949, pleaded guilty in Cumberland County to charges of prison breach and larceny. On the charge of prison breach he was sentenced to the Eastern State Penitentiary for a term of not less than 2½ nor more than 5 years with the addition of a further sentence to the Eastern State Penitentiary for the remainder of the term which appellant

was serving at the time of his escape. On the charge of larceny of an automobile the sentence was for a term of not less than 2½ nor more than 5 years, to begin at the expiration of the sentence on the charge of prison breach.

Appellant first contends that Section 309 of The Penal Code of 1939, P. L. 872, 18 P.S. 4309, under which the sentence for prison breach was imposed,[1] applied "only to defendants who are in county jails, prisons or penitentiaries, and not to boys committed to an industrial school". The answer to this contention is that the Act of June 6, 1893, P. L. 326, §5, as amended, 61 P.S. §524, provides that any inmate of the industrial reformatory who escapes "shall be deemed and taken to have committed an escape or breach of prison, and shall be subject to like penalties as are now provided by law for an escape or breach of prison, and may be punished accordingly". When this Act was passed, the penalty for escape or prison breach was fixed by Section 3 of the Act of March 31, 1860, P. L. 382, and Sections 1 and 2 of the Act of June 10, 1885, P. L. 79. These Acts were subsequently consolidated and reenacted by Section 309 of The Penal Code, supra. As in effect at the time of appellant's sentence, this Section provided for penalties in the alternative. An inmate convicted of prison breach could "be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned". Or the court could "sentence any prisoner who may be convicted of prison breach to the penitentiary for said offense, and add to said sentence for prison breach a further sentence to the said penitentiary for the re-

---

[1] Since amended by the Act of July 29, 1953, P. L. 1445, No. 417.

mainder of the term which said prisoner was serving at the time of his escape or attempt to escape, and said sentence shall release the prisoner from serving the remainder of the term he was serving at the time of his escape or attempt to escape". This latter provision was taken from the Act of 1885, supra, which "gave the courts jurisdiction to sentence to the penitentiary for the offense of jailbreaking": *Commonwealth ex rel. v. Francies,* 73 Pa. Superior Ct. 285. And see *Commonwealth ex rel. Dorillo v. Smith,* 144 Pa. Superior Ct. 265, 19 A. 2d .757. Appellant was sentenced under the second alternative. Since the maximum term for the original offense of larceny was 5 years, the penitentiary sentence of 2½ to 5 years for prison breach was correct, and the addition thereto of the unexpired portion of the original sentence was proper under the Act.

Appellant's second contention is that the requirements of due process were not satisfied because the court below "did not require the appointment of counsel to represent the defendant and permitted defendant to waive his right to counsel before imposing sentence". The trial or court record may relevantly be considered in a habeas corpus proceeding: *Commonwealth ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 90 A. 2d 383, and may not be collaterally impeached: *Commonwealth ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 93 A. 2d 894. The following colloquy took place when appellant appeared for sentence: "The Court: Do you have an attorney, Mr. Perino? The Defendant: No. The Court: Have you consulted with an attorney? The Defendant: No, sir. The Court: Do you wish to consult with an attorney before the court receives your plea of guilty and before the court imposes sentence? The Defendant: (Nods head 'No'). The Court: You have a right to consult with an attorney before we proceed any further with

your case, and if you want to consult with an attorney the court will appoint one to represent you and to consult with you. The Defendant: No, sir. The Court: You, of course, have a right to waive the consultation with an attorney if you want to or you have a right to consult one. Do I understand that you want to waive that right? The Defendant: Yes, sir."

Appellant relies principally on *Uveges v. Pennsylvania,* 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127. However, the petitioner in that case was only 17 years of age, and alleged that he had not been informed of his right to counsel and that counsel had not been offered to him. It was held that, where the gravity of the crime and other factors render criminal proceedings without counsel so apt to result in injustice as to be fundamentally unfair, there must be a waiver of counsel understandingly made. In the case at bar, appellant was 20 years of age, and was previously experienced in criminal proceedings. See *Commonwealth ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 100 A. 2d 142. The record clearly indicates that his waiver of right to counsel was understandingly made: *Commonwealth ex rel. Sawchak v. Ashe,* 169 Pa. Superior Ct. 529, 83 A. 2d 497. To invalidate a plea of guilty in non-capital cases by reason of denial of due process arising from a failure to provide a prisoner with counsel, it must be established that an ingredient of unfairness actively operated in the process that resulted in the prisoner's confinement: *Commonwealth ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 100 A. 2d 125.

While the writ of habeas corpus is a writ of right, it does not issue as of course, but only on cause shown: *Commonwealth ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767. Since appellant failed to show any cause for the issuance of the writ, it was proper for the lower court to dispose of the proceeding

without the taking of testimony. Where the petition, answers, and original record disclose only questions of law, the only hearing necessary is oral argument to hear the relator's views on the legal issues involved: *Commonwealth ex rel. Clawges v. Claudy,* supra, 173 Pa. Superior Ct. 410, 98 A. 2d 225.

The order of the court below is affirmed.