# Commonwealth ex rel. Krannacher v. Banmiller

562

*Russell Krannacher*, p. p., for petitioner.

*Raymond Shafer* and *Richard Thomas*, for Commonwealth.

RODGERS, P. J., November 21, 1957.—This young man, 22 years of age, was sentenced within a year of the effective date of The Penal Code of June 24, 1939, P. L. 872, on two charges of counterfeiting and/or altering bank notes or bank papers, issued by the order of or drawn on a bank or an officer of a bank. Actually, petitioner had written two checks on a bank in which he had no account and signed a fictitious name. The checks were payable to a local business house and totaled $60. For this, he was sentenced without the benefit of counsel to a term of from 10 to 30 years in the penitentiary.

We feel that there was in this case an "ingredient of unfairness actively operated in process that resulted in his confinement": Commonwealth ex rel. Johnson v. Burke, 174 Pa. Superior Ct. 119, 121.

We believe that this was an illegal sentence for two reasons. First, we believe that the failure to provide counsel for defendant in this case amounted to lack of due process. The indictments to which defendant pleaded guilty were captioned as forgeries with the word misdemeanor in full caps boldly printed on the face of the indictment. We cannot assume that peti-

tioner was instructed that he was pleading to a felony because the record is void on this count, nor can we assume that he read in any understandable fashion the body of the indictment. We must assume then, that if he knew anything, he knew that he was pleading guilty to $60 worth of "bad checks" and that he was charged as the caption of the indictment states:

"INDICTMENT FOR
1st Count—FORGERY
2nd Count—Uttering and Publishing
MISDEMEANOR"

We are aware that the Superior Court in Commonwealth ex rel. Krannacher v. Ashe, 142 Pa. Superior Ct., 162, 164, has stated: "It is of no importance that the printed form of indictment used had the word 'Misdemeanor' endorsed on it", indicating in effect that it was the body of the indictment which was binding. This ruling is certainly correct in its proper context but we believe the presence of these words does have an importance where we are attempting to determine whether the lack of counsel was an act of injustice in this case. I believe that defendant could hardly have been expected to have read and understood the technical language of the indictment with sufficient comprehension to have determined that he really wasn't pleading guilty to a "bad check" misdemeanor but that he was pleading guilty to a counterfeiting felony which entitled the court to impose on him the maximum sentence of 15 years.

Of more importance, perhaps, is the fact that the criminal acts as set out in the information and as established by the hearing held in this proceeding clearly do not sustain a conviction of the offense described in The Penal Code of June 24, 1939, P. L. 872, sec. 1010, 18 PS §5010, which act clearly concerns itself with the counterfeiting of "bank papers" as contrasted with

section 1014, 18 PS §5014, which makes it an offense to defraud any person or corporation by forgery.

In other words, the record discloses that this is clearly a case of simple issuance of a bad check under section 1014 rather than the counterfeiting of a "bank paper" under section 1010. This point again indicates the injustice involved in the sentence of this defendant without counsel where the technical problems involved in the interpretation of the statutes certainly were beyond the comprehension of a layman. Believing therefore, as we do that the sentencing of this defendant was illegal because the facts do not support the offense for which he was sentenced, and because the absence of counsel under these circumstances was a denial of due process, we enter the following order.

### Order

And now, November 21, 1957, the rule issued on the petition of petitioner in the above matter is made absolute and the pleas of guilty entered by the petitioner at nos. 37, October sessions, 1939, and 38, October sessions, 1939, are set aside. The sentences imposed therein are vacated and it is ordered that defendant be released from custody forthwith.