## Commonwealth ex rel. Harris v. Cavell

*Kenneth W. Harris*, relator, p. p.

*Glenn R. Toothman, Jr.*, District Attorney, for Commonwealth.

HOOK, P. J., June 20, 1959.—On April 27, 1959, relator filed a petition for writ of habeas corpus at the above number and term, whereupon a rule was granted upon Angelo C. Cavell, warden, Western State Penitentiary, and Glenn Toothman, district attorney, requiring them to show cause why the writ should not issue. An answer was filed by the district attorney. The matter is now before us for decision on said petition and answer.

Relator alleged that he was denied the aid of counsel, and that the failure of this court to inform him of his right to counsel placed him at a disadvantage, which constituted a denial of due process, contrary of the Constitution and laws of the United States and of the Commonwealth of Pennsylvania, and that he was not guilty of the charge.

The material and pertinent facts, which are not in controversy, are as follows:

On March 12, 1957, defendant was arrested at Masontown, Fayette County, charged with burglary and larceny, whereupon he was lodged in the Greene County jail. At the June sessions, 1957, Oyer and Ter-

miner of this county, defendant was indicted on the charges set forth in the indictment. Subsequently he was brought before this court, whereupon he entered a plea of guilty, unaided by the assistance of counsel, and was sentenced to the Western Correctional Diagnostic and Classification Center at the Western State Penitentiary, to undergo imprisonment of not less than two years nor more than five years. On the three indictments at nos. 5, 6 and 7, June sessions, 1957 to which relator had entered a plea of guilty, a similar sentence was entered, running concurrently.

It is true, as alleged by relator, that this court did not ask him whether or not he desired the assistance of counsel at the time he was sentenced, and we have no knowledge of the matters alleged by relator that, while confined to the Greene County jail, he had requested the assistance of counsel and had been refused the same. Had defendant so informed us at the time of sentence, we would not have hesitated to have complied with his request and appointed an attorney for him. In this county it has always been the practice in noncapital cases, where the defendant voluntarily enters a plea of guilty, to not appoint counsel unless requested by defendant.

What the Superior Court said in the case of Commonwealth ex rel. Reese v. Claudy, 170 Pa.Superior Ct. 488, 494, is applicable:

"We repeat that the Due Process Clause of the Fourteenth Amendment does not imply a categorical right of counsel in every noncapital case in a state court. Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; Foster v. Illinois, 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955; Bute v. Illinois, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986. In Com. ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, 491, we said: 'To invalidate a plea of guilty in noncapital

cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. [Cases cited.] In determining whether that ingredient exists, each case depends on its own facts.' See, also, Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595, and Gallegos v. Nebraska, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 82, as quoted in Com. ex rel. Popovich v. Claudy, supra.

"In determining the necessity to provide counsel as a matter of due process in a state prosecution, the Supreme Court of the United States has considered as factors, inter alia, the gravity of the offense charged, the simplicity or complexity of the issues, the age and mental capacity of the accused, his background, education and experience, his knowledge of law and court procedure, including knowledge gained or presumably gained from previous prosecutions and the degree of protection given the accused during the trial appearing from the conduct of the prosecuting officials."

The charges against relator were easily comprehended, and the indictment charges the offenses and the details of the burglary and larceny which were related in open court by the prosecuting officer in relator's presence and so admitted by him. We fail to see anything in the record of this case indicating that relator could not have understood the situation when he entered a plea of guilty. In this case, defendant had been before this court for burglary and larceny, and had been previously sentenced in 1951 for a term of three to six years in the Western Penitentiary. He is what could be termed "an old hand" in experience and knowledge of these matters. At the time of his plea of guilty to the present charges, it is quite obvious that considering his age, experience and the fact that his

128

confession to the several police officers, and before the justice of the peace, he knew there was no way to avoid a plea of guilty, for, either with or without trial, the results would have been the same.

In light of the law and facts of this case, we find that relator's request for a habeas corpus is without foundation or merit and that his constitutional rights have not been violated. Accordingly, we enter the following:

*Order*

And now, June 20, 1959, this matter came on to be heard, and after due consideration thereof, the petition for a writ of habeas corpus herein is dismissed.