## Commonwealth ex rel. Thomas v. Maroney

596

*Homer Thomas*, pp., for relator.

*Louis Abromson*, for respondent.

MCNAUGHER, P. J., June 23, 1960. — Homer Thomas was indicted September 19, 1951, at no. 153, September sessions, 1951, O. & T., on a charge of robbery and at no. 154, September sessions, 1951, O. & T., on a charge of burglary. He was represented by Ezra Stiles, Esq., upon whose advice he entered a plea of guilty to both indictments and was sentenced to two five to ten year concurrent sentences to the State Correctional Institution at Pittsburgh, then the Western State Penitentiary. Another information had been filed charging him with false pretense in connection with the cashing of a check which he had stolen from the victim at no. 153, but the grand jury ignored the bill and he was never detained as a result of that charge.

At no. 21, November sessions 1945, O. & T., Thomas was sentenced to three to six years on a charge of rape and was paroled at the expiration of the minimum. When he was committed on the 1951 sentences, he was required to serve the balance of the maximum of that sentence before starting the sentences at nos. 153 and 154, September sessions 1951. However, on December 4, 1953, Judge John J. Kennedy vacated the 1945 three to six year sentence because the relator was not present in court when the verdict was received, and thereupon the penitentiary authorities recomputed his sentences to take effect as of September 9, 1951.

June 1, 1960, Homer Thomas filed a petition for writ of habeas corpus claiming that under the Act of

May 28, 1937, P. L. 1036, 19 PS §§894, 895, he is entitled to credit on his sentence from September 1, 1951; that the indictment at no. 153, September sessions 1951, is invalid because it refers to the same check on which the grand jury ignored a charge of false pretense; that the proceedings were illegal because he was given two separate preliminary examinations and that, in some manner that is not clear, he was prejudiced by Judge Kennedy's order vacating the sentence at no. 21, November sessions 1945.

Thomas has filed a number of habeas corpus petitions and a mandamus proceeding, all of which were denied.

It is well established that no hearing is required on a habeas corpus petition where no questions of fact are raised on which the taking of testimony is necessary. We find no merit in any of the relator's contentions in the present position except that the record shows the effective date of his sentence was September 4, 1951, instead of September 9, 1951. This allowance will be made. The record shows that he was given only one hearing on the two indictments, but this is immaterial because such questions cannot be raised on habeas corpus: Commonwealth ex rel. Musser v. Day, 180 Pa. Superior Ct. 191. There is no prescribed time within which a preliminary hearing must be held (Commonwealth ex rel. Lockoski v. Claudy, 172 Pa. Superior Ct. 330, 332), and therefore there is no merit in his contention that he was held for 48 hours without hearing. He cites the Act of July 8, 1941, P. L. 288, 19 PS §191.14, in connection with this detention, but that is the Uniform Extradition Act, which requires that when a defendant is arrested on demand of a foreign State, a hearing be held with all practical speed, but, since he was not arrested under that act, it does not apply in his case. The indictment at no. 153, September sessions 1951, is valid because it plainly alleges that

the relator robbed the victim by use of force and took cash in the amount of $50 in addition to the check which he questions. He is obviously confusing the charge involving the taking of the check and the one involved in cashing it, but he was never sentenced on the false pretense charge.

The petition will, therefore, be dismissed as to all points except that the effective date of his present sentence will be changed from September 9, 1951, to September 4, 1951.

### Order

And now, June 23, 1960, it is ordered and directed that the effective date of the sentence at nos. 153 and 154, September sessions 1951, O. & T., is hereby changed from September 9, 1951, to September 4, 1951, and that the rule to show cause why a writ of habeas corpus should not issue be and the same is hereby discharged.