Commonwealth ex rel. Watson v. Maroney

*William M. Watson*, p. p., for relator.

*Glenn R. Toothman, Jr.*, District Attorney, for Commonwealth.

HOOK, P. J., November 23, 1960. — William M. Watson, relator, forwarded by mail to this court a petition for a writ of habeas corpus. We have examined the same and find that it is without merit. Relator is now confined in the State Correctional Institution at Pittsburgh, and alleges that he is now presently illegally restrained of his personal liberty, and unlawfully confined in said institution by virtue of an order of commitment derived from the sentence of this court wherein the due process of law clause of the fifth and fourteenth amendments to the Constitution of the United States, and article I, sec. 9 of the Pennsylvania Constitution, has been abridged in that at the time of sentence he was 17 years of age, and entered a plea of guilty without an offer of the advice of counsel.

It is true that relator was, on October 15, 1951, sentenced upon a plea of guilty to the charge of robbery, while armed, to the State Industrial School at Camp Hill. Relator admits that he stated he was 18 years of age at the time of sentence.

The petition further avers that he was released from the Industrial School at Camp Hill on March 28, 1955, on parole, but by reason of a conviction and sentence imposed in the State of Ohio for which he served approximately four years and three months, he was remanded to the custody of the Pennsylvania parole agent as a parole violator, in the institution where now confined.

It is true, as alleged by relator, that this court asked him whether or not he desired the assistance of counsel

at the time he was sentenced, and that relator stated that he did not desire assistance of counsel, and refused the same. Had relator so requested, we would not have hesitated to comply with his request, and appointed an attorney for him.

What the Superior Court said in the case of Commonwealth ex rel. Reese v. Claudy, 170 Pa. Superior Ct. 488, 494, is applicable:

"We repeat that the Due Process Clause of the Fourteenth Amendment does not imply a categorical right of counsel in every noncapital case in a state court. Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; Foster v. Illinois, 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955; Bute v. Illinois, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986. In Com. ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, 491, we said: 'To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. [Cases cited.] In determining whether that ingredient exists, each case depends on its own facts.' See, also, Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595, and Gallegos v. Nebraska, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed 82, as quoted in Com ex rel. Popovich v. Claudy, supra.

"In determining the necessity to provide counsel as a matter of due process in a state prosecution, the Supreme Court of the United States has considered as factors, inter alia, the gravity of the offense charged, the simplicity or complexity of the issues, the age and mental capacity of the accused, his background, education and experience, his knowledge of law and court procedure, including knowledge gained or presumably gained from previous prosecutions and the degree of

protection given accused during the trial appearing from the conduct of the prosecuting officials."

The charges against relator were easily comprehended, and the indictment charges the offenses and the details of the burglary and larceny which were related in open court by the prosecuting officer in relator's presence, and so admitted by him. We fail to see anything in the record of this case indicating that relator could not have understood the situation when he entered a plea of guilty.

In light of the law and the facts of this case, we find that relator's request for a habeas corpus is without foundation or merit, and that his constitutional rights have not been violated. Accordingly, we enter the following

*Order*

And now, November 23, 1960, this matter came on to be heard, and after due consideration thereof, the petition for writ of habeas corpus herein is dismissed.