Commonwealth ex rel. Hellinger, Appellant, *v.* Burke.

630

Submitted March 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Arlington P. Hellinger,* appellant, in propria persona.

*William C. Storb,* District Attorney, for appellee.

OPINION BY ROSS, J., July 13, 1954:

On December 1, 1950 the relator, Arlington P. Hellinger, pleaded guilty in the Court of Oyer and Terminer for Lancaster County to the charge of rape and was sentenced to serve a term of not less than four, nor more than eight, years in Eastern State Penitentiary. On June 1, 1953 he filed the instant petition for writ of habeas corpus in the Court of Common Pleas of Lancaster County, and rule to show cause why the writ should not issue was granted. After a hearing was held, the court below dismissed the petition and discharged the rule, and relator has taken this appeal.

The petition of relator sought release from custody because he "pleaded guilty without the advice of coun-

sel", "was held incommunicado for about 30 days", and a "forced confession" was obtained "by striking and beating petitioner until he was forced to comply with the police officers' demands".

In *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489, speaking through President Judge RHODES, we stated: "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement [cases cited]. In determining whether that ingredient exists, each case depends on its own facts." In this case the record discloses no ingredient of unfairness.

At the hearing relator was represented by counsel and afforded every opportunity to substantiate the complaints set forth in his petition. His own testimony discloses that he was *not* held incommunicado and that his confession was *not* forced. Furthermore, four police officers testified that relator was not beaten or threatened at the time he made his confession. He had the burden of convincing the court of the truth of averments which establish that he is entitled to relief. *Com. ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 114, 100 A. 2d 142. Here the learned court below, after reviewing the evidence, stated: "This court feels the relator produced no credible evidence in support of the facts averred in his petition."

Order affirmed.