Commonwealth ex rel. Bruce, Appellant, *v.* Burke.

Argued March 26, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Benjamin L. Long,* with him *McGinnis & Long,* and *John W. Bruce,* in propria persona, for appellant.

*Armand Della Porta,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY HIRT, J., July 17, 1952:

Relator, following his arrest on January 2, 1947, was indicted on four bills, each charging sodomy. On January 24, 1947 he pleaded guilty in open court to the charges and was sentenced by Judge McDEVITT to a term of not less than five years nor more than ten years in the Eastern Penitentiary. In an effort to have his convictions and sentence set aside, relator on September 20, 1951, petitioned the common pleas of Philadelphia for habeas corpus. The writ was awarded, but after hearing the relator was remanded to custody. This is his appeal from that order.

At the hearing in the court below, in the present proceeding, relator admitted that he pleaded guilty to all of the charges. But he testified that after he entered his pleas, when an officer summarized the facts for the information of the sentencing judge, relator then requested time to get an attorney and that Judge McDEVITT refused his request. On that ground he asserted lack of due process entitling him to his discharge. Judge ALESSANDRONI, who presided at the hearing, was not obliged to believe the relator even though his statement that he requested counsel was undenied. The circumstances justified his refusal, as trier of the facts, to accept relator's testimony as true. The stenographic record of the entire proceeding before the sentencing judge, which was in evidence, contains the testimony of the officer representing the prosecution and the

colloquy between Judge McDevitt and the relator. There is a strong presumption of the validity and accuracy of the record (*Commonwealth ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799) and the record does not contain any request for counsel. Moreover, relator in the present hearing admitted a prior application for habeas corpus addressed to the Supreme Court which was refused. The facts there alleged differ widely from those advanced in the present petition. The variance in relator's statements under oath in the two petitions suggests that he has little regard for the truth.

The due process clause of the Fourteenth Amendment does not prohibit a State from accepting a plea of guilty in a non-capital case from an uncounseled defendant. Such person accused of a non-capital offense may waive his right to the assistance of counsel before pleading guilty if the waiver is understandingly and voluntarily made. *Bute v. Illinois,* 333 U. S. 640, 675, 68 S. Ct. 763, 781. In the present hearing on habeas corpus relator freely admitted that he "was familiar with" and "knew the nature of the offense" of sodomy charged in each of the indictments. Relator's pleas of guilty voluntarily, freely and intelligently entered, with a full understanding of the charges must be regarded as a waiver of the right to counsel under all of the circumstances.

Nevertheless it is contended that the relator was unduly prejudiced in the mind of the sentencing judge by the fact, developed after pleas of guilt had been entered, that he had been convicted of sodomy on two prior occasions. It is urged that unjudicial prejudice is evidenced from this remark of the judge addressed to relator, immediately before imposing sentence: "You are nothing but a filthy degenerate. The only way to keep boys safe is to keep you locked up." On these grounds we are asked to say that this prisoner's lack

of counsel at the time of plea and sentencing, even though he did not request counsel, was inconsistent with due process and that the conviction accordingly must be set aside on the authority of *Townsend v. Burke,* 334 U. S. 736, 68 S. Ct. 1252. With this we cannot agree. Under its own facts upon which the present case depends (*Quicksall v. Michigan,* 339 U. S. 660, 70 S. Ct. 910) it clearly appears that the demands of due process have been observed.

In the *Townsend* case the prisoner, without counsel, was sentenced to two indeterminate terms of imprisonment of from 10 to 20 years upon pleas of guilty to burglary and robbery. Notes of testimony, stenographically reported, indicated that the sentencing judge placed great emphasis on a statement by an officer representing the Commonwealth that Townsend had a prior criminal record of five convictions of serious crimes. From what was said to the prisoner by the judge it was held to be evident that the criminal record imputed to Townsend had influenced the judge, as to the severity of the sentence imposed, in dealing with Townsend. As a matter of fact Townsend had been acquitted of two of the five charges when tried and a third charge had been dismissed. The sentence was based on a misconception of the facts to this extent. It is also stated in the opinion in the case that the court's facetious remarks to the prisoner prior to sentence cast "a somewhat somber reflection on the fairness of the proceeding." The rationale of the decision in the *Townsend* case is clearly disclosed by this excerpt from the opinion: "We believe that on the record before us, it is evident that this uncounseled defendant was either overreached by the prosecution's submission of misinformation to the court or was prejudiced by the court's own misreading of the record. Counsel, had any been present, would have been under

a duty to prevent the court from proceeding on such false assumptions and perhaps under a duty to seek remedy elsewhere if they persisted. Consequently, on this record we conclude that, while disadvantaged by lack of counsel, this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand."

The factual background of the present appeal has little in common with the *Townsend* case. Here the relator had been convicted by a jury in each of two prior prosecutions for sodomy. And while his past record no doubt had some effect on the severity of the sentence imposed, yet relator is in no position to complain. There is no doubt as to the two prior convictions; relator admitted both of them and they were convictions of crimes identical in character with the present charges. In the light of these two convictions, in cumulation with the four identical offenses here involved, we cannot say that the castigation of relator in the language quoted above evidenced an unfair attitude in the sentencing judge. There was considerable foundation for the aspersion.

There is no merit in appellant's further complaint that the young man involved in the charges did not appear and testify against him. When a defendant pleads guilty, there is no trial, and the right to be confronted by any witness is not involved. *Commonwealth ex rel. Hovis v. Ashe*, 165 Pa. Superior Ct. 30, 67 A. 2d 770.

Order affirmed.