## Commonwealth, Appellant, *v.* Quarles.

434

Argued October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Armand Della Porta,* Assistant District Attorney, with him *Samuel Dash,* Assistant District Attorney,

*Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellant.

*Samuel Kagle,* for appellee.

OPINION BY HIRT, J., January 19, 1954:

Relator, then seventeen years of age, surrendered to the police on January 8, 1947. He was promptly given a preliminary hearing on the charges against him, by a judge of the Municipal Court and was returned to custody pending action of the Grand Jury. On January 27, 1947 true bills were returned on 22 indictments. Eight of them charged armed robbery, two charged attempted robbery and one bill charged relator with rape. The remaining eleven indictments were companion bills charging relator with carrying a concealed weapon. On January 29, 1947 relator, without previous notice, was taken from prison and was arraigned on the charges. Without the benefit of counsel he pleaded guilty to all bills of indictment, excepting one robbery charge and the charge of rape. Later in the same day the two cases were called for trial. As to what then occurred the record discloses the following: "The Court: Have you a lawyer? The defendant: I don't know. My mother was supposed to have one. The court: Call for her. Court Crier: No, answer, your Honor. The Court: I think Mr. Pollock ought to represent him. These witnesses have been sitting here all day long." Thereupon Herman Pollock, Esq., Public Defender, represented relator on his trial for rape and one robbery charge. He was found guilty of both charges by a judge of the court, jury trials having been waived. Relator then was immediately called for sentence and as to what then occurred the record shows this colloquy: "By the Court: Q. You

were incorrigible all your life. How many times have you been in the Juvenile Court? A. Twice. Q. How many other times? A. That is all . . . Q. How old are you? A. 17. Q. How many holdups did you plead guilty to? A. Eight. That is just what I did. That is what I told them. The Court: You know what that carries, don't you—20 years apiece. I will be lenient with you— 25 to 50 years in the Penitentiary." The record shows that relator was sentenced on each of three bills, on which he pleaded guilty to robbery, to two terms of imprisonment in the Eastern State Penitentiary of from 10 to 20 years and a third term of from 5 to 10 years all to be served consecutively.

In this habeas corpus proceeding the lower court, after hearing, vacated the sentences imposed, and set aside all of relator's pleas of guilty to other indictments. In addition the order also set aside the verdicts on the charges tried by the lower court. We are all agreed that the order, in the form adopted in *Commonwealth ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77, must be affirmed.

Relator was 16 years old when he committed the offenses to which he pleaded guilty. He never before had committed an indictable offense. The crimes were all committed within a period of less than two months. The fruits of the robberies ranged from a few cents to $90. When relator's mother heard that the police were looking for her son she went with him when he gave himself up. She visited him in prison twice during the 21 days prior to his appearance in court and she intended to appear as a witness and to secure a lawyer for him. She had no notice or prior knowledge of relator's arraignment in Court on January 29, 1947 and she was not there. The direction to the court crier therefore to call out her name on that occasion was a futile thing.

A person accused of a noncapital offense may waive his right to the assistance of counsel before pleading guilty if the waiver is understandingly and voluntarily made. *Com. ex rel. Bruce v. Burke,* 170 Pa. Superior Ct. 642, 90 A. 2d 258. "To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement": *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489. When relator was arraigned without prior notice, a continuance well might have been ordered, to give him the opportunity to secure counsel. The Public Defender did not represent him when he pleaded guilty to the charges nor when he was sentenced on his pleas of guilt. The statement of the Judge to relator at the time of sentence: "You were incorrigible all your life" was unwarranted by the facts and justifies the conclusion that he was sentenced on the basis of assumed past misconduct that was materially untrue. Cf. *Commonwealth ex rel. Townsend v. Burke,* supra. Relator had been in the juvenile court as a truant from school, and again at the instigation of his mother, as a disciplinary measure, when he had destroyed his brother's school books but, he had not been an "incorrigible all his life."

There was no waiver of counsel in this case but rather the lack of opportunity to secure counsel as intended. In the light of all of the circumstances the conclusion is inevitable that there was a denial of fundamental fairness in these cases.

Order affirmed.