Commonwealth ex rel. Robinson, Appellant, *v.* Maroney.

Argued April 14, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Hyman Borovetz,* for appellant.

*John W. McWilliams,* District Attorney, for appellee.

OPINION BY HIRT, J., July 13, 1954:

Relator pleaded guilty to an indictment containing a single count charging him with simple assault and battery. On his plea of guilt to that charge he was sentenced not under §708 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4708, but under the Act of January 8, 1952, P. L. (1951-1952) 1851, 19 PS §1166 as an habitual sex offender, to imprisonment in the Western Penitentiary for an indeterminate term of one day as a minimum and a maximum of his natural life. This is his appeal from the order of the lower court refusing habeas corpus. There is merit in the appeal. In our view relator was entitled to the writ and under the circumstances must now be discharged from custody.

Relator pleaded guilty to assault and battery on April 21, 1952. The court deferred sentence and requested the Department of Welfare of the Commonwealth to make a psychiatric examination of relator and to report its findings. Dr. Robert H. Israel, Superintendent of Warren State Hospital, was designated by the Department to make the examination and to report. At the suggestion of Dr. Israel relator was committed to Warren State Hospital for observation. On September 10, 1952, he reported: "It is our opinion that Mr. Robinson is not suffering from a psychosis but rather he has a psychopathic personality with pathological sexuality, and that he would not benefit

by further hospital care. We feel that he knows the difference between right and wrong and is aware of the nature and consequences of his acts and can be held accountable for such." Based on the report the Department of Welfare concluded ". . . that the prisoner is a suitable subject under the Act [of January 8, 1952, supra] inasmuch as he has been found to be an habitual offender and is a hazard to the safety of the public by his preferential tendency to involve children especially young adolescents." The Department suggested the Western Penitentiary as the place of commitment if sentenced under the Act. The record shows this colloquy between the court and the relator immediately before sentence was imposed on September 23, 1952: "Q. You understand that you are entitled to a trial by jury and are also entitled to a lawyer to represent you in that trial? A. Yes. Q. You waive your right to a trial and plead guilty? A. Yes."

Ordinarily the due process clause of the fourteenth amendment of the Federal Constitution does not prohibit a state court from accepting a plea of guilty in a non-capital case from an uncounseled defendant. Such accused may waive his right to the assistance of counsel before pleading guilty if the waiver is understandingly and voluntarily made, *Com. ex rel. Bruce v. Burke,* 170 Pa. Superior Ct. 642, 90 A. 2d 258, and to invalidate a plea of guilty on the ground of denial of due process the prisoner must establish that for want of the benefit of counsel ". . . an ingredient of unfairness actively operated in the process that resulted in his confinement." *Com. ex rel. Reggie v. Burke,* 170 Pa. Superior Ct. 647, 90 A. 2d 385. The circumstances of this case (Cf. *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 91 A. 2d 913) establish that ingredient. Relator as far as this record discloses had no notice that on his plea to assault and battery under

The Penal Code, he was in danger of being sentenced to imprisonment for life as an habitual sex offender under the 1952 Act. We agree that the demands of due process under the circumstances of this case were not adequately observed in the failure of the court to appoint competent counsel to represent relator even though not requested by him. Regardless of the age of the relator [his age does not appear in this record] or his previous misconduct he was incapable of waiving his right to counsel understandingly, in the light of the construction put on his plea of guilty by the court. Legal assistance should have been supplied him on a broad application of the principle of *Uveges v. Commonwealth of Pennsylvania,* 335 U. S. 437, 69 S. Ct. 184. Cf. *Townsend v. Burke,* 334 U. S. 736, 68 S. Ct. 1252. The order well might be reversed on that ground.

Where a new punishment is provided by the legislature the new enactment must be strictly pursued. Cf. *Commonwealth v. Exler,* 243 Pa. 155, 89 A. 968. The lower court interpreted relator's plea of guilt as a "conviction of the crime of indecent assault" under the 1952 Act. Indecent assault in Pennsylvania, consists in the taking by a man of indecent liberties with the person of a female without her consent. *Commonwealth v. Carpenter,* 172 Pa. Superior Ct. 271, 94 A. 2d 74. Here the alleged liberties were taken by relator with a male juvenile and in strictness the offense was not indecent assault.

We need not decide however whether relator's act of sex perversion constituted a common law offense within the purview of the 1952 Act. It is enough to say that if it did, he should have been charged in the indictment with that offense. Under the terms of the 1952 Act only one "convicted" of one of the crimes enumerated therein can be subject to the penalties of the

Act ". . . if the court is of the opinion that any such person, if at large, constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill . . ."

The only charge against this relator was assault and battery punishable under §708 of The Penal Code by imprisonment not exceeding two years. The sentence imposed in the present case was illegal. We would remand relator to the court below for proper sentence except for the fact that he has served more than the maximum lawful term of imprisonment for assault and battery the only offense to which he pleaded guilty. Under the circumstances relator is entitled to his liberty forthwith.

Order reversed. Relator is discharged from custody.