Louis O. VINSON
v.
**UNITED STATES.**
No. 12803.

United States Court of Appeals
Sixth Circuit.
July 24, 1956.

James E. Applegate, Cincinnati, Ohio, for appellant.

James E. Rambo, Dayton, Ohio, Hugh K. Martin, Columbus, Ohio, on the brief, for appellee.

Before McALLISTER and STEWART, Circuit Judges, and STARR, District Judge.

STARR, District Judge.

This is an appeal from an order of the district court denying appellant's motion to vacate judgment of conviction and

sentence and for leave to withdraw his plea of guilty.

It appears that in May, 1953, appellant, represented by his own employed counsel, upon arraignment in district court waived grand-jury indictment and pleaded guilty under an information charging him with the interstate transportation of a motor vehicle, knowing the same to have been stolen, 18 U.S.C. § 2312; that he was sentenced to five years imprisonment, but that execution of sentence was suspended and he was placed on probation for a period of five years. It further appears that he violated the terms and conditions of his probation and that in June, 1955, the order suspending sentence and placing him on probation was revoked, the sentence of five years was reinstated, and he was removed to the United States penitentiary at Atlanta, Georgia.

On December 8, 1955, appellant filed a motion in pursuance of 28 U.S.C. § 2255, to vacate and set aside the judgment of conviction and sentence, and for leave to withdraw his plea of guilty. He based his motion on the claim that he was not guilty of the offense charged in the information, and that his plea of guilty was obtained by duress, misleading advice by his counsel and counsel for the government, and through fraudulent representations and promises. The district court set the motion for hearing on January 11, 1956, and the appellant was notified of the hearing by notice mailed to him at the penitentiary in Atlanta. In pursuance of the court's order, the appellant was removed from the penitentiary to Dayton, Ohio, and was present at the hearing. At the opening of the hearing the following occurred:

"The Court: Do you have counsel?

"The defendant: No, sir, I don't.

"The Court: I believe you made a request of the court to appoint counsel, which I haven't done, for the reason that it is discretionary on the part of the court. I do not consider it necessary. This is your motion. You filed a motion to vacate the judgment on a statement made by you. You will be sworn and take the stand and tell your story in your own way."

The appellant was sworn, took the stand, and, upon questioning by the court and the United States attorney, stated in substance that he was not guilty of the offense of which he had pleaded guilty in May, 1953; and that his plea was not freely and voluntarily given, but was induced by duress, misleading advice of counsel and by fraudulent representations and promises. The attorney who had represented appellant was permitted by the court to take the stand and testify regarding events and his conversations with appellant prior to and at the time of his arraignment and plea. The United States attorney who had prosecuted the appellant, and also other witnesses, testified regarding events and conversations with appellant prior to and at the time of his arraignment and plea. Following the hearing the district court filed findings of fact and conclusions of law and entered an order denying appellant's motion to vacate the judgment of conviction and sentence and for leave to withdraw his plea of guilty.

The district court granted appellant's motion for leave to appeal in forma pauperis and ordered that a transcript of the proceedings be furnished for the purpose of the record on appeal. On this appeal appellant by court-appointed counsel contends (1) that, having granted him a hearing on his motion to vacate judgment of conviction and sentence, the court, by denying his request for the appointment of counsel to represent and assist him at the hearing, deprived him of his constitutional rights; and (2) that the court abused its discretion in denying him the opportunity to summon witnesses to testify at the hearing.

Appellant's motion was filed in pursuance of 28 U.S.C. § 2255, which provides as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be

released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

■■ A proceeding by motion under § 2255 was not intended as a substitute for appeal. Questions of fact as to a defendant's guilt must be raised by appeal and not by motion to vacate under § 2255. Davilman v. United States, 6 Cir., 180 F. 2d 284.

■ Under the above statute the granting of a hearing on the appellant's motion to vacate judgment of conviction and sentence was a matter within the discretion of the district court, but, a hearing having been granted, the question is presented as to the duty of the court to appoint counsel to represent and assist him at the hearing.

■ It may be stated as a general rule that when a defendant is granted a hearing on a motion filed in pursuance of § 2255 to vacate judgment of conviction and sentence, and it appears from his motion and the record of his arraignment, plea, conviction, and sentence, that there is doubt as to the court's jurisdiction, or that the sentence was in excess of the maximum authorized, or is otherwise subject to collateral attack, the court should grant the defendant's request for the appointment of counsel to represent him at the hearing. United States v. Paglia, 2 Cir., 190 F.2d 445.

However, in the present case it clearly appears that at the time of his arraignment, plea of guilty, and sentence in May, 1953, the appellant was represented by competent counsel of his own choosing; that the court had jurisdiction; and that the sentence imposed was not in excess of the maximum authorized by law. Furthermore, the record of the proceedings in 1953, the transcript of the hearing on the motion to vacate, and appellant's testimony at the hearing, clearly indicate that he understood the charge against him, that his plea of guilty was freely and voluntarily entered, that there was no infringement of his constitutional rights and no disclosure of facts or circumstances rendering the judgment of conviction and sentence subject to collateral attack. As required by § 2255 quoted above, the district court considered and determined the issues and made findings of fact and conclusions of law with respect thereto.

■ We agree with the district court and conclude that under all the facts and circumstances of the present case there was no occasion or necessity for the appointment of counsel to represent the appellant at the hearing on his motion to vacate judgment and sentence. Therefore, the order denying the appellant's motion to vacate judgment of conviction and sentence, and for leave to withdraw his plea of guilty is affirmed.