Commonwealth *v.* Cavanaugh, Appellant.

418

Argued April 13, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

John V. Snee, with him Snee, Cook & Stockdale, for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney of Allegheny County, for appellee.

*Lloyd H. Fuge,* with him *Sylvan Libson, Marjorie Hanson Matson,* and *Richard B. Tucker, Jr.,* for American Civil Liberties Union, amicus curiae.

OPINION BY RHODES, P. J., June 11, 1957:

We have before us two appeals, one from the Court of Oyer and Terminer of Allegheny County, the other from the Court of Common Pleas of Allegheny County. The basic question presented relates to representation by counsel.

Shirley Cavanaugh, according to her own admission, entered, through a cellar window, the home of the parents of her divorced husband in Wilkinsburg, Allegheny County, about one o'clock on the morning of February 4, 1954. She removed therefrom several personal items which included a picture of her daughter, an afghan, a camera, and several books.

She was indicted for burglary, and on April 21, 1954, she appeared in the Court of Oyer and Terminer of Allegheny County and entered a plea of guilty to the charge at No. 42, March Sessions, 1954. Five days later, April 26, 1954, she was released on probation for a period of three years upon payment of the costs of prosecution.[1] On March 1, 1957, the probation was "revoked for cause." She was sentenced to pay a fine of 6¼ cents, the costs of prosecution, and to "undergo imprisonment in the Pennsylvania Industrial Home for Women at Muncy, Pennsylvania, there to be treated as the law directs for the crime of Burglary."

---

[1] Act of August 6, 1941, P. L. 861, §25, 61 PS §331.25. Cf. Act of June 19, 1911, P. L. 1055, §1, as amended, 19 PS §1051.

On March 6, 1957, a petition for writ of habeas corpus was filed at No. 2375, April Term, 1957, in the Court of Common Pleas of Allegheny County, and a hearing was held thereon the next day. When the hearing was concluded the court below refused the writ, dismissed the petition, and remanded Shirley Cavanaugh to the warden of the Allegheny County Jail until further order of the court. At the same time, the court below took under advisement oral motions in Commonwealth v. Shirley Cavanaugh, No. 42, March Sessions, 1954, O. & T., involving the charge of burglary, for an arrest of judgment and for permission to withdraw the plea of guilty. These motions were later reduced to writing and filed on March 11, 1957, at which time the court below made an order refusing the same.

On March 13, 1957, Shirley Cavanaugh appealed to this Court in both cases. We directed that she be released from custody on bail pending disposition of the appeals.

The petition for writ of habeas corpus and the motion to withdraw the plea of guilty are based upon the alleged violation of the constitutional rights of appellant at the hearing in 1954 at which the plea of guilty was entered. It is contended that the testimony at that hearing raised a serious doubt that appellant was guilty of the crime of burglary, and that the trial court erred in allowing the plea to stand in the absence of effective counsel. Appellant requests that the judgment of sentence of March 1, 1957, be vacated; and that she be allowed to withdraw the plea of guilty, to enter a plea of not guilty, and to be tried by a jury on the indictment. The District Attorney of Allegheny County joins in this request.

It appears that appellant was not represented by counsel at the hearing on the plea on April 21, 1954, until after she had waived counsel and noted the entry of her plea upon the bill of indictment. Then the court appointed an attorney to act in her behalf during the questioning of witnesses prior to sentence. The attorney who was appointed was present in the courtroom at the time, but had no prior knowledge of the matter. The witnesses were heard informally, and the appointed counsel participated to this limited extent. Sentence was not imposed immediately thereafter as the trial court desired a further pre-sentence investigation by the probation officer. Appellant was placed on probation five days later; the appointed counsel was not notified nor was he present.

The informal narrative of the plea hearing, as it has been filed in this Court, is incomplete. It indicates to a limited extent the nature of the alleged crime. The Chief of Police of Wilkinsburg testified concerning his investigation upon the complaint of appellant's former mother-in-law on the morning of the incident. He stated that the former mother-in-law and the former husband of appellant, who also lived in the house, suspected that appellant had entered and removed the articles. When appellant was arrested she readily admitted what she had done, and returned the articles. Her former husband testified that he talked with appellant after she had removed the articles and that he told her he "didn't know" whether he would take them back. The former mother-in-law added nothing material at the hearing except to claim that one of the articles was not returned. Appellant testified. She admitted entering the house and removing the articles; she stated that she did so because she knew that her former husband would get in touch with her as a

result and that she wanted to talk to him. Appellant's child lives with the former husband. Appellant also testified that her former husband did contact her thereafter, and that she told him she had the articles and asked him to return them. She said that he stated he would come back for them later.

At the habeas corpus hearing, appellant testified more extensively. She said it was her belief when she removed the articles that they were her own personal belongings which had been left in the home when she lived there prior to her divorce. She also testified that she entered the house to talk to her former husband and not to remove the articles. The probation officer who made the pre-sentence investigation in 1954 testified that the report to the court below contained the following statement: "The substance of her [appellant's] story was that her former husband promised to get her a few personal belongings, her daughter's picture, a camera, and several other articles and he kept putting her off. She admits entering the house and taking her personal belongings. She said she could see nothing wrong in taking what belonged to her. She feels that because of her mother-in-law's extreme dislike for her she would not stop making trouble for her."

The circumstances of the alleged burglary apparently raised some doubt in the mind of the appointed counsel as to appellant's guilt. At the habeas corpus hearing he so testified and explained that he refrained from making any motion at that time because he felt, from a remark made by the trial judge, that the latter also was in doubt. This impression of counsel is not entirely without substantiation. At the hearing on March 1, 1957, when probation was revoked, the judge stated: "I felt at that time that it was a family affair, that she was involved with her in-laws and possibly thought that they were retaining some of her property out there,

and she went in and got it. That's the reason why I was considerate of her."[2]

We have no intention at this time to pass upon the guilt or innocence of appellant, and our conclusions are not to be so construed. We are of the opinion, however, that the circumstances of the case, including the attitude of the district attorney, indicate that the matter should be fully developed before a jury.[3]

A hearing on a plea of guilty is not intended to be a trial on the merits, and it was not necessary that the Commonwealth prove defendant guilty beyond a reasonable doubt at such hearing. The testimony received is to aid the court in passing sentence. *Com. v. Petrillo,* 340 Pa. 33, 47, 16 A. 2d 50; *Com. ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 150, 115 A. 2d 386. The insufficiency of the evidence at a plea hearing may not in itself form the basis of an attack upon the judgment of sentence. However, if it appears that the testimony at such hearing not only falls short of showing the commission of a crime but also creates in

---

[2] The court below apparently was impressed by the circumstances under which appellant entered the house. But appellant's acts would not amount to burglary unless a felonious intent was present. The Penal Code of 1939, §901, 18 PS §4901. The removal of the articles may or may not indicate felonious intent; this depends upon whether appellant intended to permanently deprive the owners of their property. See *Hilliard Lumber Company v. Harleysville Mutual Casualty Company,* 175 Pa. Superior Ct. 94, 96-98, 103 A. 2d 436. If the articles belonged to appellant or if she reasonably believed that they did or that she had a right to take them, the felonious intent would be lacking. See *Com. v. Meinhart,* 173 Pa. Superior Ct. 495, 499, 500, 98 A. 2d 392.

[3] At the hearing on the petition for writ of habeas corpus, the hearing judge stated to counsel: "I told you that if the District Attorney would move to vacate this decree, or if you would move it and the District Attorney will join with you in the motion to vacate this sentence, or modify it, or have the plea withdrawn, or something like that, I would be very glad to consider it."

a positive manner some doubt as to the guilt of the defendant or indicates that the defendant misconceived the legal consequences of the admitted conduct, then the plea should not be permitted to stand without more thorough investigation and more serious consideration. A plea of guilty is of questionable validity ". . . where it appears that the plea was entered through a misapprehension of the facts or the law; where there is doubt of the defendant's guilt; where the defendant has a defense worthy of consideration by a jury; and where the ends of justice will be best served by submitting the case to a jury." *Com. v. DiPaul*, 122 Pa. Superior Ct. 53, 55, 184 A. 480, 481.[4] Permission to withdraw a plea is ordinarily a matter within the sound discretion of the trial court, and an appellate court will not interfere unless there is an abuse of discretion. *Com. ex rel. La Tempa v. Burke*, 175 Pa. Superior Ct. 513, 518, 105 A. 2d 134; *Com. v. DiPaul*, supra, 122 Pa. Superior Ct. 53, 55, 184 A. 480. We believe the facts as presented clearly indicate that the ends of justice will best be served by submitting the matter to a jury. The doubt that was created at the hearing on the plea, of which the trial judge was aware as we have indicated, should not have been made the basis merely for leniency in the form of probation. Appellant is either guilty or not guilty of burglary; the uncertainty, which was recognized by the court-appointed counsel, by the district attorney, and to some extent by the trial judge, is sufficient to warrant a more extensive examination than was given at the hearing on the plea and at sentence.

---

[4] A motion for withdrawal of a plea should normally be made prior to sentence. See section 1, Act of April 15, 1907, P. L. 62, amended by Act of June 15, 1939, P. L. 400, §1, 19 PS §241. In some instances a motion after sentence may be considered. See *Com. v. Shawell*, 325 Pa. 497, 508, 191 A. 17.

Moreover, the plea notes indicate that appellant may not have fully realized the true legal consequences of her admitted conduct. Where it appears that some unfairness might otherwise actively operate to the prejudice of a defendant, it may be necessary or advisable that the defendant have counsel and that sufficient time be allowed for counsel to become familiar with the matter in order that defendant may be properly advised concerning the entry of a plea of guilty. See *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489; *Com. ex rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 88, 118 A. 2d 756. This is especially true where the facts and legal issues are unusually complex. See *Com. ex rel. Robinson v. Maroney,* 175 Pa. Superior Ct. 529, 532, 107 A. 2d 188. Appellant's appointed counsel served after the entry of the plea. He had no notice of the subsequent hearing at which probation was imposed and consequently he was not present. These circumstances, together with the doubt as to appellant's guilt that was created at the hearing on the plea, indicate that appellant did not have sufficient opportunity to have effective representation. See *Com. ex rel. Robinson v. Maroney,* supra, 175 Pa. Superior Ct. 529, 531, 532, 107 A. 2d 188. Cf. *Com. ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 250, 93 A. 2d 894. The request of appellant for the withdrawal of the plea of guilty, in which the district attorney joined, should have been allowed by the court below.

In appeal No. 92, April Term, 1957 (habeas corpus), the order is reversed; defendant is discharged upon the entry of bail in the amount of $2,000 for compliance with the following order in appeal No. 91, April Term, 1957.

In appeal No. 91, April Term, 1957 (burglary), the judgment of sentence is vacated; the record is remand-

ed to the court below with direction that defendant be permitted to withdraw the plea of guilty and enter a plea of not guilty, and that the matter proceed thereafter on the indictment.