284 F.2d 800
 UNITED STATES of America
v.
James Nevin KELLER, Appellant,
 No. 13273.
 United States Court of Appeals Third Circuit.
 Submitted December 16, 1960.
 Decided December 28, 1960.
 
 James Nevin Keller, appellant, pro se.
 Daniel H. Jenkins, U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for appellee.
 Before KALODNER, STALEY and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, an inmate of the United States Penitentiary, Lewisburg, Pennsylvania, filed a motion in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 2255, to vacate, correct, or set aside a sentence imposed by that court in 1957.[1] After a hearing in open court where the appellant appeared without counsel, the district court filed a painstaking and thorough memorandum opinion and entered an order denying the motion.
 
 
 2
 The appellant contends here, as he did below, that the court in the 1957 criminal proceedings by accepting his guilty pleas to all of the charges and his consent to a transfer of the Criminal Information under Rule 20, Fed.R.Crim.P., 18 U.S.C., and thereafter imposing sentence without the actual physical presence of his counsel in the courtroom, did, in effect, deny him the right to counsel in violation of Rule 44, Fed.R.Crim.P., and the Sixth Amendment to the Constitution. In addition, the appellant in this court makes a general assertion that the district court refused to allow him to obtain counsel of his own choosing to represent him during the instant proceedings, thereby committing reversible error.
 
 
 3
 The results of our examination of the entire record in this cause unquestionably fail to support the appellant's position.
 
 
 4
 In the 1957 criminal proceedings, appellant, acting through his parents, retained counsel who conferred with him, explaining the nature of the proceedings and the effect of a guilty plea. Both before and during the proceedings the appellant acquiesced in counsel's absence from the courtroom. Furthermore, before accepting any guilty plea or imposing sentence, the court repeatedly offered, sua sponte, to appoint additional counsel to assist appellant. In categorically refusing these several offers, appellant made it clear that he was at all times acting in reliance on his counsel's advice while being fully aware of and understanding the nature of the proceedings. Through his own counsel evidence in mitigation and extenuation was presented to the court before sentencing. It may be that appellant was disappointed by the sentence imposed, but that is no basis for our finding reversible error.
 
 
 5
 Under the circumstances here, it is clear that appellant did not have a right to court-appointed counsel below. Clatterbuck v. United States, 1958, 105 U.S.App.D.C. 295, 266 F.2d 893; Vinson v. United States, 6 Cir., 1956, 235 F.2d 120; Annot., 20 A.L.R.2d 976, 988 (1951). Information submitted by counsel to the court during the trial in 1957, as well as the facts here, make it obvious that the appellant possessed at least average intelligence, understanding fully the nature of those proceedings and the effect of his guilty plea Well in advance of the hearing on the instant motion, the appellant expressed a desire in writing that he be permitted to obtain his own counsel. This opportunity was never denied to him. The record before us does not disclose that the district court in any manner discouraged or prohibited the appellant from securing counsel of his own choosing at the hearing on the motion.
 
 
 6
 The order of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellant was sentenced to fifteen years' imprisonment under two indictments, to-wit: No. 12,963, containing two counts charging violation of 18 U.S.C. § 2113(a) (bank robbery), and 18 U.S.C. § 2113(d) (armed bank robbery); No. 12,964, charging a violation of the Dyer Act, 18 U.S.C. § 2312; and Criminal Information No. 12,982, charging violation of 18 U.S.C. § 751 (escape from custody)