Commonwealth ex rel. Bobko v. Ceraul

*James Hogan*, for relator.

*Lawrence J. Briody*, Assistant District Attorney, for respondent.

PALMER, J., July 6, 1961.—This matter is before the court on a rule to show cause why a writ of habeas corpus should not issue.

Relator was picked up by the Bethlehem police on October 10, 1960. On the same day, an information was filed charging him with resisting arrest: no. 142, September term, 1960. A warrant issued, and the alderman set October 22, 1960, as the date for hearing. On October 11, 1960, three informations were filed with the same alderman charging relator and others with burglary; nos. 143, 144 and 146, September term, 1960. On October 12, 1960, an information was lodged before the same alderman charging relator and another with burglary and larceny: no. 145, September term, 1960. The alderman set October 22, 1960, as the date for hearing these additional charges.

At the hearing on October 22, 1960, relator pleaded guilty to each information and, in default of bail, was remanded to the Northampton County Prison.

On October 2, 1960, an information was lodged charging relator with the offense of furnishing beer to minors, and at a hearing thereon on October 13, 1960, he pleaded guilty to this charge before the alderman.

On October 31, 1960, relator appeared before the court en banc of Northampton County and pleaded guilty to district attorney bills charging him with the offenses named, having first endorsed his plea on the face of each indictment. At the conclusion of the testimony on his guilty plea, he was directed to

pay the costs of prosecution in each case and sentences were imposed as follows:

No. 142, September sessions, 1960, sur charge resisting arrest. One year in the Northampton County Prison.

No. 122, September sessions, 1960, sur charge violation Pennsylvania Liquor Code. A fine of $100.

No. 143, September sessions, 1960, sur charge burglary. Not less than three months nor more than one year. Sentence to date from the expiration of the sentence in no. 142, September sessions, 1960.

No. 144, September sessions, 1960, sur charge burglary. Not less than three months nor more than one year. Sentence to date from the expiration of the sentence in no. 143, September sessions, 1960.

No. 145, September sessions, 1960, sur charge burglary and larceny. Not less than three months nor more than one year. Sentence to date from the expiration of the sentence in no. 144, September sessions, 1960.

No. 146, September sessions, 1960, sur charge burglary. Not less than three months nor more than one year. Sentence to date from the expiration of the sentence in no. 145, September sessions, 1960.

On February 28, 1961, relator executed a petition for the instant writ and requested leave to proceed in forma pauperis. Upon the presentation of this petition to the court on March 6, 1961, the court granted permission to relator to proceed in forma pauperis and appointed James Hogan, Esq., to represent him. Thereafter on April 12, 1961, the court granted a rule to show cause why the writ should not issue, returnable April 24, 1961. On April 24, 1961, testimony was taken on the petition, at the conclusion of which the court directed that after the notes of testimony were transcribed, counsel should place the matter on an ap-

propriate argument list. The notes of testimony were lodged on May 15, 1961, and the case appeared on the argument list for June 20, 1961. At that time, the court agreed to receive the case on briefs. The case became at issue on receipt of the brief of the Commonwealth on June 28, 1961.

In his petition, relator avers that he is illegally detained because:

1. He was arrested without a warrant.

2. He was held incommunicado by both State and Bethlehem police for a period of 51 hours, "questioned without rest and abused both mentally and physically until statements had been extracted."

3. He was not aware, nor had he been advised at his hearing, of his right to be represented by counsel.

4. The court accepted a plea of guilty in the absence of counsel.

In his brief, relator contends solely that:

1. He was denied due process of law on his guilty plea because of the court's failure to listen to character witnesses who were present in the court room.

2. At his guilty plea, the court allowed police officers to testify incompletely concerning his juvenile record.

3. At his guilty plea, the court allowed testimony by police officers that one burglary indictment should have included a charge of larceny, and the alderman was at fault in not including it.

There is no merit in any of these contentions.

1. *Relator was arrested without a warrant.*

From the testimony adduced at the hearing on the instant petition, it is uncontradicted that relator was arrested by the Bethlehem city police on October 10, 1960, for being drunk and disorderly and for resisting arrest. As to both charges, he was arrested on view by the police officers. With respect to the latter, the testimony of the police officers was that he fought

them, spraining the wrist of one and breaking a finger of the other. In such a situation, there is, of course, no necessity for obtaining a warrant prior to an arrest.

2. *Relator was held incommunicado for 51 hours, questioned without rest, abused both mentally and physically until a statement was extracted.*

Relator testified at the hearing that, following his arrest on October 10, 1960, he was held in the Bethlehem "lock-up" until October 13, 1960, when he was committed to the Northampton County Prison. During this three-day period, he claimed he was held incommunicado and was denied the use of a telephone. According to him, he was permitted to sleep, although in a cold cell without a blanket on a bed without a mattress, and, during the course of his questioning, was told by Lieutenant of Detectives Flemming that if he "didn't play ball or straighten up" he would get shot. According to him, the written confessions as to the burglaries which he signed were the results of questioning on October 11th and 12th and were signed on the 13th.

Relator's testimony in this regard was directly contradicted by Lieutenant Flemming, Trooper Paluka of the Pennsylvania State Police and the record.

According to Lieutenant Flemming, the cells in the "lock-up" contained beds without mattresses, and, in this regard, relator was treated no differently than any other prisoner detained in the "lock-up," Lieutenant Flemming and Officer Paluka testified relator was a coöperative prisoner, that no threats were used and that he volunteered the statements contained in his confessions, one of which was dated October 11, 1960, and one October 12, 1960. We believe the testimony of the officers and disbelieve the testimony of relator.

In any event, even if relator's account were true, it would not support a writ of habeas corpus. The fact that a prisoner has been held incommunicado does not ordinarily, after conviction, afford grounds for the issuance of a writ of habeas corpus: Bolish v. Banmiller, 396 Pa. 129; Commonwealth ex rel. Thomas v. Maroney, 194 Pa. Superior Ct. 19; Commonwealth ex rel. Bey v. Myers, 190 Pa. Superior Ct. 63; Commonwealth ex rel. Tancemore v. Myers, 189 Pa. 270. There is no prescribed time within which a preliminary hearing must be held: Commonwealth v. Shupp, 365 Pa. 439; Commonwealth ex rel. Nagle v. Day, 181 Pa. Superior Ct. 605; Commonwealth ex rel. Roberts v. Keenan, 170 Pa. Superior Ct. 282; Commonwealth ex rel. Romano v. Banmiller, 397 Pa. 606; Commonwealth ex rel. Heaton v. Harvey, 193 Pa. Superior Ct. 315. In Commonwealth ex rel. Butler v. Banmiller, 398 Pa. 442, it was held that a five-day delay in giving a prisoner a preliminary hearing was not per se a violation of his constitutional rights.

Moreover, the fact of relator's detention in the "lockup" goes only to the circumstances under which the confessions were procured. Since they were not used against him, it is wholly immaterial. See Commonwealth ex rel. Nagle v. Day, supra; Commonwealth ex rel. Lockoski v. Claudy, 172 Pa. Superior Ct. 330.

3. *Plaintiff was not aware nor had he been advised of his right to be represented by counsel.*

4. *The court, in accepting a plea of guilty in the absence of counsel, denied relator the right to be legally advised and represented.*

In his testimony at the hearing on the instant petition, relator stated that, prior to the entry of his plea before the court, he was asked by a person he believed to be an assistant district attorney how he was going

to plead. Relator replied he was going to plead guilty, and when he asked whether he could be given counsel, the assistant district attorney replied: "If you are pleading guilty, you don't need counsel." Relator, therefore presumed he did not need counsel and entered his plea on the indictments. He testified that, when he came before the court, he was asked by the court if he had counsel and replied in the negative, and the court said nothing to him about his right to a jury trial nor did the court ask him if he wanted counsel.

The notes of testimony taken at the time the guilty pleas were entered contain the following:

"JUDGE PALMER: You understand, in terms of all of these indictments, you have a right to trial by jury, you have a right to have a Grand Jury pass upon the validity of these indictments, and you are also entitled to counsel. Is it your intention to waive those rights?

"DEFENDANT BOBKO: Yes sir."

The law with respect to this issue is clearly stated in 10 P. L. Encyc. 444, §172, as follows:

"Our Constitution provides that in all criminal prosecutions, the accused has the right to be heard by himself and his counsel. However, before entering a plea of guilty, a person accused of a non capital offense may waive the right to assistance of counsel, if the waiver is understandingly and voluntarily made. (Com. ex rel. Robinson v. Maroney, 1954, 107 A. 2d 184, 175 Pa. Super. Ct. 529; Com. v. Quarles, 1954, 102 A. 2d 184, 174 Pa. Super. Ct. 433. There is no provision in our Constitution or in amendments to the Federal Constitution which requires a court to appoint counsel to defend or represent one accused of a crime who enters a plea of guilty. (Com. ex rel. Johnston v. Burke, 1953, 100 A. 2d 125, 174 Pa. Super. Ct. 119; Com. ex rel. Billings v. Ashe, 1941, 19 A. 2d 749, 144 Pa. Super. Ct. 209).

"It has been held that to invalidate a plea of guilty on the ground of denial of due process, the prisoner must establish that for want of the benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his conviction. (Com. ex rel. Robinson v. Maroney, [supra]; Com. ex rel. Reggie v. Burke, 1952, 90 A. 2d 385, 170 Pa. Super. Ct. 647)."

The notes of testimony taken on relator's guilty pleas clearly demonstrate he understandingly and voluntarily waived his right to be represented by counsel. At the hearing on the instant petition, no testimony was adduced that for want of counsel relator was harmed because he was unrepresented when he pleaded guilty.

5. *At the time relator entered his guilty plea, but before he was sentenced, the court did not hear character witnesses on his behalf.*

In his testimony at the hearing on the instant petition, relator stated that, on the day he was sentenced, there were present in the court on his behalf, his wife, baby and "he believes" his mother, father, employer and his priest, all of whom came to the bench at the time he was called before the court and were then asked by the court to be seated. Thereafter, they were not asked to give any testimony. Relator admitted he did not advise the court of their identity or why they were present, nor did he request that they be permitted to testify.

The only reference to these witnesses appearing in the notes of testimony taken at the time of sentencing is as follows:

"JUDGE PALMER: Let's take the Parker case first. We would like to have before the court only these people; the prosecuting officers and the defendants.

"JUDGE WOODRING: And counsel, if there are counsel.

"JUDGE PALMER: And counsel. I don't know who all of the other people are.

"JUDGE WOODRING: We will hear the others later on."

A hearing pursuant to a guilty plea is not a trial upon the merits, but is merely a proceeding to receive testimony to aid the court in passing sentence or to ascertain the degree of the offense: 11 P. L. Encyc. 187, §634. It has always been our practice to hear character testimony on pleas of guilty if such testimony is offered. It was not offered in the instant case. No request was made for it, and the court was not advised that such witnesses were present and prepared to testify. Under these circumstances, we cannot agree with relator that his constitutional rights were infringed because of the sentencing court's failure to hear these witnesses.

6. *The incomplete testimony concerning defendant's juvenile record.*

The only reference to this in the notes of testimony taken at the time of sentencing is as follows:

"JUDGE BARTHOLD: Do any of these boys have prior records?

"OFFICER FLEMMING: Yes. A lot of juvenile records dated back quite a. while.

"JUDGE BARTHOLD: All of them?

"OFFICER FLEMMING: Bobko has quite some."

Further in the record there appears the following:

"JUDGE PALMER: Have you ever been arrested for any criminal offense before?

"DEFENDANT BOBKO: Yes sir.

"JUDGE PALMER: What was that?

"DEFENDANT BOBKO: I guess it was stealing. It was juveniles.

"JUDGE PALMER: As a juvenile?

"DEFENDANT BOBKO: Yes.

"JUDGE PALMER: Did you ever serve time?

"DEFENDANT BOBKO: No sir."

Relator argues that it was up to the court and the district attorney to develop fully these statements as to relator's juvenile record "to avoid any false assumptions that might arise upon such an incomplete statement of facts."

There is no merit in this argument. Relator was not sentenced on the basis of his juvenile record.

7. *At relator's guilty plea, the court allowed testimony by police officers that one indictment should have included a charge of larceny, and the alderman was at fault in not including it.*

At the hearing on the guilty plea, Lieutenant Flemming summarized the facts on the burglary indictment docketed to no. 143, September term, 1960, and stated that not only had there been a burglary but money had been stolen. The following then appears in the notes of testimony:

"JUDGE PALMER: Well, there's no charge of larceny in the Shawnee Pen Manufacturing Company case.

"OFFICER FLEMMING: There should have been.

"JUDGE PALMER: It's not in the indictment.

"OFFICER FLEMMING: It's burglary and larceny.

"JUDGE PALMER: It's a charge of burglary only.

"MR. HERSTER: There's none in the information either.

"OFFICER FLEMMING: There should have been. That's the Alderman's fault."

Relator was not harmed by this colloquy. He was sentenced on this indictment for burglary and was given the same sentence for this burglary as he was for the other burglaries which he admittedly had committed.

In conclusion, it appears to us relator knowingly and voluntarily entered his pleas of guilty and was

sentenced thereon. He is now dissatisfied with the sentences which he received, and he has expressed this dissatisfaction in the preparation and filing of the instant petition.

*Order*

And now, July 6, 1961, the rule to show cause why a writ of habeas corpus should not issue is discharged and the petition denied.