UNITED STATES of America ex rel.
Robert ROBINSON

v.

David N. MYERS, Superintendent, State
Correctional Institution, Graterford,
Montgomery County, Commonwealth of
Pennsylvania.

No. 2575.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1963.

---◇---

Robert Robinson, in pro. per.

James C. Crumlish, Jr., Dist. Atty. of
Philadelphia County, Philadelphia, Pa.,
for defendant.

VAN DUSEN, District Judge.

Two petitions (both contained in Document No. 1) are before the court: one seeks a writ of habeas corpus and the other asks the court to appoint counsel for relator. Relator raises two main grounds on which he contends that his confinement is illegal. The first ground is that he was sentenced to a term of imprisonment which exceeds the maximum statutory sentence applicable to the offense of which he was convicted. The second ground is that the sentencing judge imposed this sentence on the basis of a

psychiatric report which had been obtained in the course of a previous conviction, which conviction had subsequently been held violative of Robinson's constitutional rights. These are issues of law only and involve no question of fact. Relator was represented by counsel from the Voluntary Defender's office at all proceedings in the trial court (although he argues he was deprived of effective counsel in that his defense was "juggled" between two different attorneys from that office).

Relator has provided the court with the papers he filed in seeking habeas corpus from the Pennsylvania State Courts. It is evident from these that of the issues now submitted to the court, the following were urged upon the state courts: (1) that it was improper to consider the psychiatric report mentioned above; (2) that the presentence data used by the sentencing judge was inaccurate; and (3) that relator was deprived of effective counsel.

■ Relator did not raise in the state proceedings the argument that the sentence imposed exceeded the statutory maximum. Until relator has exhausted his state remedy as to this ground, this court will not consider it. 28 U.S.C.A. § 2254; Torrance v. Salzinger, 297 F.2d 902, 905 (3rd Cir., 1962); United States ex rel. Kiefaber v. Rundle, Misc. No. 2564, E.D.Pa., July 22, 1963. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

A consideration of the merits of the issues, which relator raised in the State Court and apparently raises here, follows (see Townsend v. Sain, 372 U.S. 293, 309–319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)):

■ (1) There is no merit to the argument that it was error to use the presentence report obtained in connection with the sentence set aside in Com. ex rel. Robinson v. Maroney, 175 Pa.Super. 529, 107 A.2d 188 (1954). That report was obtained without any violation of relator's rights; it is clear from the opinion of the Superior Court in that case that the sentence was in error because relator, being arraigned without counsel, had no notice that his plea of guilty to a charge of assault and battery put him in danger of life imprisonment. This defect did not operate to invalidate the pre-sentence report or the propriety of the court's requesting such a report. At page 533, 175 Pa.Super., at page 190 of 107 A.2d the court said:

"We would remand relator to the court below for proper sentence except for the fact that he has served more than the maximum lawful term of imprisonment for assault and battery, the only offense to which he pleaded guilty."

■ (2) Relator argues that the sentence imposed on him was arrived at on the basis of false information as to his past record, but he does not point out any substantial way in which this is so. It is true that it has been held that, under certain circumstances, a sentence imposed on the basis of incorrect pre-sentence information, prejudicial to the defendant, cannot stand (Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)), but relator has shown nothing beyond his bare assertion that the trial court sentenced him on the basis of incorrect information about his past. Relator asserts that he "has never in his life been arrested, indicted, tried and convicted and sentenced 'by a court in Pittsburg in 1952 to the Western State Correctional Institution' for a period of one day to life or otherwise" (Document 1, page 9). From the appendix to the petition for appointment of counsel (contained in Document 1), where relator sets forth portions of the transcript (which are, for the purposes of this Order, assumed accurate), it appears (Document 1, page 22) that the court did say "Mr. Robinson, you were sentenced by a court in Pittsburgh in 1952 to the Western State Correctional Institution for a period of one day to the end of your life." In the next sentence it becomes clear that

the court was referring to the sentence vacated in Com. ex rel. Robinson v. Maroney, supra, and that the court was aware that such sentence had been set aside:

"Through a decision of the Superior Court you effected a release under a habeas corpus from that sentence, and in investigating your case the court, of course, came across the decision, 175 Pa.Super. 529, 107 A.2d 188."

Otherwise, relator fails to point out any way in which the court was misinformed when it sentenced him. Rule 37 of the Local Rules of this court provides:

"A petition to this Court for writ of habeas corpus shall be in writing, verified and shall set forth:

\* \* \* \* \* \*

"(j) if petitioner is in custody under sentence of a State Court and has not exhausted all remedies available in the courts of the state, the reasons for such failure to exhaust available remedies and the facts upon which intervention of a federal court is sought to protect petitioner's constitutional rights."

In this case, "the facts upon which intervention \* \* \* is sought" are not set forth in such a way as to present any question upon which the court can pass. Relator may have in mind some definite statement the sentencing court made and the precise reason why that statement was materially false, but such does not appear from his petition. Furthermore, the court has a wide discretion in sentencing and is not bound by formal rules of evidence in evaluating the information it considers. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

(3) Relator also contends that he was deprived of effective assistance of counsel in that his case was juggled between two attorneys from the Voluntary Defender's office. Like the contention that pre-sentence data was prejudicially inaccurate, no specific facts in support of this argument are contained in the petition.[1] Relator merely states that he had two lawyers but fails to show how that worked to his prejudice.

Relator is not entitled to court-appointed counsel in these circumstances. As stated in Elijah Jackson v. United States, 221 F.Supp. 755, E.D.Pa., August 21, 1963:

" \* \* \* examination of the controlling authorities shows that petitioner is not entitled, as a matter of right, to court-appointed counsel. United States v. Keller, 284 F.2d 800 (3rd Cir., 1960), citing Clatterbuck v. United States, 105 U.S.App.D.C. 295, 266 F.2d 893 (1959), and Vinson v. United States, 235 F.2d 120 (6th Cir., 1956); Green v. United States, 158 F.Supp. 804, 807 (D. Mass.1958), aff'd. 256 F.2d 483 (1st Cir., 1958), cert. den. 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958). Petitioner's Motion and memorandum raise only one point, and that is a question of law: namely, was the indictment fatally defective because it did not name the purchaser of the narcotics it charged Jackson with selling. It is noted that petitioner had counsel of his own choosing at all proceedings in this court, including trial and sentencing. This court also appointed counsel to aid Jackson in his appeal to the United States Court of Appeals for the Third Circuit. The cases cited above make it clear that Jackson has no right to court-appointed counsel in connection with this Motion under 28 U.S.C.A. § 2255.

"The language of 28 U.S.C.A. § 1915 leaves appointment of counsel

---

1. Furthermore, it is noted that relator did not present this reason in his petition for a writ of habeas corpus filed with the state nisi prius court (Court of Common Pleas of Philadelphia County) and the state appellate court did not consider it.

to the discretion of the court in each particular case. Since no issues of fact are raised by this Motion, there will be no need to take further testimony and, therefore, no need for the aid of experienced trial counsel. Cf. Jones v. United States, 290 F.2d 216 (10th Cir., 1961); Cain v. United States, 271 F.2d 337 (8th Cir., 1959)."

■ The fact that this proceeding is habeas corpus and Jackson's was under 28 U.S.C.A. § 2255 does not make the cases cited inapplicable. See Sanders v. United States, 373 U.S. 1, 13, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), citing United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 332 (1952). The petition raises no substantial issue of fact which requires the aid of experienced trial counsel to sift through a complicated record or to take testimony. Therefore, the court's discretion ought not to be exercised in favor of appointing counsel.

## ORDER

And now, September 3, 1963, upon consideration of the above Petitions and memoranda of law in support thereof, it is ordered that the Petition for Writ of Habeas Corpus and the Petition for Appointment of Counsel are denied.